UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

---------------------------------------------------------------- x
JOHN PRATER, on behalf of himself and : Case No.: _____
others similarly situated, :
: **Class Action**
Plaintiff, :
: **Demand for Jury Trial**
vs. :
:
MEDICREDIT, INC. and THE OUTSOURCE :
GROUP, INC., :
:
Defendants. :
---------------------------------------------------------------- x

# CLASS ACTION COMPLAINT

Plaintiff John Prater ("Plaintiff"), by and through the undersigned counsel, sues Defendants MediCredit, Inc. ("MediCredit") and The Outsource Group, Inc. (collectively, "Defendants"), and alleges as follows:

## NATURE OF THE ACTION

1. This is a class action brought against Defendants for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227.

2. Section 227(b)(1)(A)(iii) of the TCPA sets forth restrictions on the use of automated telephone equipment and prerecorded voice calls, and provides in pertinent part:

> **It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States –**
>
> **(A)     to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice –**

\*\*\*\*\*

1

    **(iii)**    **to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.**

    3.    Upon information and belief, Defendants routinely violate 47 U.S.C. §227(b)(1)(A)(iii) by placing non-emergency telephone calls to the cellular telephones of consumers using an automatic telephone dialing system and/or an artificial or prerecorded voice, without the prior express consent of the consumers.

## JURISDICTION

    4.    This Court has subject matter jurisdiction pursuant to 47 U.S.C. §227(b)(3) and 28 U.S.C. §1331.

    5.    Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where a substantial part of the events giving rise to Plaintiff's action occurred in this State and this District, and where Defendants MediCredit and The Outsource Group, Inc. have their principal places of business in this State and this District.

## PARTIES

    6.    Plaintiff is a natural person who at all relevant times resided in the State of Texas.

    7.    Defendant MediCredit is a company with principal offices located in St. Louis, Missouri. MediCredit is a wholly owned subsidiary of The Outsource Group, Inc.

    8.    Defendant The Outsource Group, Inc. is a company with principal offices located in St. Louis, Missouri.  The Outsource Group, Inc. bills itself as "a leading revenue cycle management company serving hospitals and physician practices."  The Outsource Group, Inc. specializes in hospital business office outsourcing, insurance billing and follow up, third-party liability, primary and secondary bad debt collections, Medicaid eligibility, early out/self-pay services, onsite financial counseling and physician billing and follow up.  Its clients include hospitals, private physician practices and hospital-based physician practices.

9. At all relevant times, MediCredit and The Outsource Group, Inc. shared common corporate offices. In addition, and upon information and belief, MediCredit and The Outsource Group, Inc. acted jointly and in concert to collect purported debts from consumers, and The Outsource Group, Inc. controlled, or had the ability to control, the debt collection efforts undertaken by MediCredit, including MediCredit's use of an automatic telephone dialing system and/or prerecorded or artificial voice messages. Parallon Business Solutions, LLC ("Parallon") acquired The Outsource Group, Inc. in 2013. Parallon describes itself as "a leading provider of healthcare business and operational services." Parallon partners with hospitals, healthcare systems and non-acute care providers to improve their business performance through the company's industry knowledge and practices in revenue cycle; technology; workforce solutions; consulting; group purchasing and supply chain. Parallon employs more than 22,000 professionals and, together with its HealthTrust affiliate, serves more than 1,400 hospitals and 11,000 non-acute care providers, including ambulatory surgery centers, physician practices and alternate care sites.

## FACTUAL ALLEGATIONS

10. Starting in approximately March 2013, MediCredit began placing telephone calls to Plaintiff's cellular telephone in an apparent attempt to collect an alleged consumer debt from a person named Ashley Schrader.

11. Plaintiff did not, and does not, know the person MediCredit was attempting to contact.

12. Indeed, in or around March 2013, Plaintiff spoke with a representative of MediCredit and informed MediCredit's representative that he was not Ashley Schrader, did not know Ashley Schrader, and instructed Defendants not to call him again.

13. On April 26, 2013, MediCredit placed a call to Plaintiff's cellular telephone number and left the following pre-recorded voice message:

> This message is for Ashley Schrader. If you are not Ashley Schrader please hang up and disconnect. If you are Ashley Schrader please continue to listen to this message. There will now be a three second pause in this message. By continuing to listen to this message you acknowledge you are Ashley Schrader. This is MediCredit. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please contact MediCredit about an important business matter at 866-714-0976.

14. On June 20, 2013, MediCredit placed a call to Plaintiff's cellular telephone number and left the following pre-recorded voice message:

> This message is for Ashley Schrader. If you are not Ashley Schrader please hang up and disconnect. If you are Ashley Schrader please continue to listen to this message. There will now be a three second pause in this message. By continuing to listen to this message you acknowledge you are Ashley Schrader. This is MediCredit. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please contact MediCredit about an important business matter at 866-714-0976.

15. On July 19, 2013, MediCredit placed a call to Plaintiff's cellular telephone number and left a pre-recorded voice message.

16. On July 26, 2013, MediCredit placed a call to Plaintiff's cellular telephone number and left a pre-recorded voice message.

17. On August 16, 2013, MediCredit placed a call to Plaintiff's cellular telephone number and left a pre-recorded voice message.

18. On October 7, 2013, MediCredit placed a call to Plaintiff's cellular telephone number and left a pre-recorded voice message.

19. On October 9, 2013, MediCredit placed a call to Plaintiff's cellular telephone number and left a pre-recorded voice message.

20. On October 16, 2013, MediCredit placed a call to Plaintiff's cellular telephone number and left a pre-recorded voice message.

21. On October 17, 2013, MediCredit placed a call to Plaintiff's cellular telephone number and left a pre-recorded voice message.

22. On October 22, 2013, MediCredit placed a call to Plaintiff's cellular telephone number and left a pre-recorded voice message.

23. On October 24, 2013, MediCredit placed a call to Plaintiff's cellular telephone number and left a pre-recorded voice message.

24. On November 14, 2013, MediCredit placed a call to Plaintiff's cellular telephone number and left a pre-recorded voice message.

25. On November 21, 2013, MediCredit placed a call to Plaintiff's cellular telephone number and left a pre-recorded voice message.

26. On December 2, 2013, MediCredit placed a call to Plaintiff's cellular telephone number and left a pre-recorded voice message.

27. On December 4, 2013, MediCredit placed a call to Plaintiff's cellular telephone number and left a pre-recorded voice message.

28. On December 6, 2013, MediCredit placed a call to Plaintiff's cellular telephone number and left a pre-recorded voice message.

29. On December 11, 2013, MediCredit placed a call to Plaintiff's cellular telephone number and left a pre-recorded voice message.

30. On December 16, 2013, MediCredit placed a call to Plaintiff's cellular telephone number and left a pre-recorded voice message.

31. On December 31, 2013, MediCredit placed a call to Plaintiff's cellular telephone number and left a pre-recorded voice message.

32. On January 8, 2014, MediCredit placed a call to Plaintiff's cellular telephone number and left a pre-recorded voice message.

33. On January 13, 2014, MediCredit placed a call to Plaintiff's cellular telephone number and left a pre-recorded voice message.

34. On January 15, 2014, MediCredit placed a call to Plaintiff's cellular telephone number and left a pre-recorded voice message.

35. The above-referenced calls to Plaintiff's cellular telephone came from several different telephone numbers, including 888-930-4297, 866-714-0976, and 866-918-6164.

36. Upon information and belief, MediCredit placed the above-referenced calls to Plaintiff's cellular telephone using an automatic telephone dialing system, as defined by 47 U.S.C. § 227 (a)(1).

37. Upon information and belief, Defendants' records will show additional calls made by MediCredit to Plaintiff's cellular telephone with an automatic telephone dialing system and/or a prerecorded voice.

38. MediCredit placed the telephone calls set forth herein to a telephone number assigned to a cellular telephone service.

39. Defendants did not have Plaintiff's prior express consent to make any telephone calls to Plaintiff's cellular telephone.

40. MediCredit did not place any telephone calls to Plaintiff for emergency purposes.

41. Upon information and belief, MediCredit placed the telephone calls to Plaintiff identified above willfully and knowingly in that they consciously and deliberately made the calls referenced herein, and consciously and deliberately left, and intended to leave, voicemail messages using an artificial or prerecorded voice.

42. Upon information and belief, Defendants had knowledge that they were using, and intended to use, an automatic telephone dialing system to make and/or an artificial or prerecorded voice to place the telephone calls identified above.

## CLASS ACTION ALLEGATIONS

43.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b) on behalf of himself and a Class of similarly situated individuals as defined below:

> All persons and entities throughout the United States (1) to whom MediCredit, Inc. and/or The Outsource Group, Inc. made or caused to be made one or more telephone calls (2) directed to a number assigned to a cellular telephone service (3) by using an automatic telephone dialing system and/or an artificial or prerecorded voice, (4) from four years prior to the filing of this complaint to the present.

Excluded from the Class are Defendants, their officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest.

44.     The proposed Class is so numerous that joinder of all members is impracticable. The exact number of members of the Class is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery. The proposed Class is ascertainable in that the cellular telephone numbers of all members of the Class can be identified in business records maintained by Defendants.

45.     Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff and all of the Class members' claims originate from the same conduct, practice and procedure on the part of Defendants and Plaintiff possesses the same interests and has suffered the same injuries as each Class member. Like all proposed members of the Class, Plaintiff received telephone calls from Defendants using an automatic telephone dialing system and/or an artificial or prerecorded voice, without his consent, in violation of 47 U.S.C. §227.

46.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel experienced and competent in class action litigation. Plaintiff has no

interests that are contrary to or in conflict with the members of the Class that Plaintiff seeks to represent.

47. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, as the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation make it impossible for the members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

48. Issues of law and fact common to the members of the Class predominate over any questions that may affect only individual members, in that Defendants have acted on grounds generally applicable to the entire Class. Among the issues of law and fact common to the Class are:

   a. Defendants' violations the TCPA as alleged herein;

   b. Defendants' use of an automatic telephone dialing system;

   c. Defendants' use of an artificial or prerecorded voice when leaving messages for consumers on their cellular telephones; and

   d. the availability of statutory damages.

49. Absent a class action, Defendants' violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

**COUNT I: VIOLATIONS OF 47 U.S.C. §227(b)(1)(A)(iii)**

50. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 – 49.

51. Defendants violated 47 U.S.C. §227(b)(1)(A)(iii) by utilizing an automatic telephone dialing system and/or an artificial or prerecorded voice to make and/or place telephone calls to Plaintiff's cellular telephone number.

52. Defendants knowingly or willingly violated 47 U.S.C. §227(b)(1)(A)(iii) by utilizing an automatic telephone dialing system and/or an artificial or pre-recorded voice to make and/or place telephone calls to Plaintiff's cellular telephone number.

53. As a result of Defendants' violations of 47 U.S.C. §227(b)(1)(A)(iii), Plaintiff and the Class are entitled to damages in an amount to be proven at trial.

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

(a) Determining that this action is a proper class action and designating Plaintiff as class representative of the Class under Rule 23 of the Federal Rules of Civil Procedure;

(b) Adjudging that Defendants violated 47 U.S.C. §227(b)(1)(A)(iii), and that Defendants did so knowingly and willingly, and enjoining Defendants from further violations of 47 U.S.C. §227(b)(1)(A)(iii) with respect to Plaintiff and the other members of the Class;

(c) Awarding Plaintiff and members of the Class statutory damages pursuant to 47 U.S.C. §227(b)(3) in an amount up to $1,500.00 per violation;

(d) Awarding Plaintiff and members of the Class actual damages sustained as a result of Defendants' violations, pursuant to 47 U.S.C. §227(b)(3)(B);

(e) Awarding Plaintiff and members of the Class their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to Rule 23 of the Federal Rules of Civil Procedure; and

(f) Awarding other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

DATED:  January 28, 2014                    Respectfully submitted,


                                            */s/Anthony LaCroix*
                                            **ANTHONY LaCROIX**
                                            LaCROIX LAW
                                            4235 Baltimore Avenue
                                            Kansas City, MO  64111
                                            Telephone:  816.399.4380
                                            Tony@lacroixlawkc.com

                                            **MICHAEL L. GREENWALD\***
                                            GREENWALD DAVIDSON PLLC
                                            5550 Glades Road, Suite 500
                                            Boca Raton, FL 33431
                                            Telephone:  561.826.5477
                                            Fax:     561.961.5684
                                            mgreenwald@mgjdlaw.com

                                            Counsel for Plaintiff and the Proposed Class

                                            \* to seek admission *pro hac vice*