IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN PRATER, on behalf of himself and others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 14-CV-0159 |
| vs. | ) ) | **Jury Trial Demanded** |
| MEDICREDIT, INC., and THE OUTSOURCE GROUP, INC. | ) ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**

COME NOW Defendants Medicredit, Inc., and The Outsource Group, Inc. (collectively, "Defendants"), by and through counsel, and for their Answer to Plaintiff's Class Action Complaint (the "Complaint"), respectfully state as follows:

**NATURE OF THE ACTION**

1. Paragraph 1 of the Complaint states legal conclusions and legal arguments to which no response is required.  To the extent that a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1 of the Complaint and, therefore, deny the same.

2. Paragraph 2 of the Complaint states legal conclusions and legal arguments to which no response is required.  To the extent that a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 of the Complaint and, therefore, deny the same.

3. Defendants deny the allegations set forth in Paragraph 3 of the Complaint.

1

## JURISDICTION

4. Admit.

5. Paragraph 5 of the Complaint states legal conclusions and legal arguments to which no response is required. To the extent that a response is required, Defendants admit that they may be deemed residents of the Eastern District of Missouri for the purposes of Local Rule 3 – 2.07(b)(4), and deny all other legal conclusions, legal arguments, and allegations set forth within Paragraph 5 of the Complaint.

## PARTIES

6. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint and, therefore, deny the same.

7. Defendants admit that Defendant Medicredit, Inc. ("Medicredit") is a Missouri corporation, and that Medicredit's principal office is as referenced in Paragraph 7 of the Complaint. The remaining allegations in Paragraph 7 of the complaint states legal conclusions and legal arguments to which no response is required. To the extent that a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7 of the Complaint, and therefore deny the same.

8. Defendants deny the allegations set forth in Paragraph 8 of the Complaint.

9. Defendants deny the allegations set forth in Paragraph 9 of the Complaint.

## FACTUAL ALLEGATIONS

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and, therefore, deny the same.

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and, therefore, deny the same.

21404286v1

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and, therefore, deny the same.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and, therefore, deny the same.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and, therefore, deny the same.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and, therefore, deny the same.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and, therefore, deny the same.

17. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint and, therefore, deny the same.

18. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and, therefore, deny the same.

19. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint and, therefore, deny the same.

20. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint and, therefore, deny the same.

21. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint and, therefore, deny the same.

22. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint and, therefore, deny the same.

23. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint and, therefore, deny the same.

21404286v1

24. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint and, therefore, deny the same.

25. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint and, therefore, deny the same.

26. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint and, therefore, deny the same.

27. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint and, therefore, deny the same.

28. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint and, therefore, deny the same.

29. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint and, therefore, deny the same.

30. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint and, therefore, deny the same.

31. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint and, therefore, deny the same.

32. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint and, therefore, deny the same.

33. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint and, therefore, deny the same.

34. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint and, therefore, deny the same.

35. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint and, therefore, deny the same.

21404286v1

36. Defendants deny the allegations set forth in Paragraph 36 of the Complaint.

37. Defendants deny the allegations set forth in Paragraph 37 of the Complaint.

38. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint and, therefore, deny the same.

39. Defendants deny the allegations set forth in Paragraph 39 of the Complaint.

40. Defendants deny the allegations set forth in Paragraph 40 of the Complaint.

41. Defendants deny the allegations set forth in Paragraph 41 of the Complaint.

42. Defendants deny the allegations set forth in Paragraph 42 of the Complaint.

## CLASS ACTION ALLEGATIONS

43. Paragraph 43 of the Complaint states legal conclusions and legal arguments to which no response is required.  To the extent that Defendants are required to respond, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 43 of the Complaint and, therefore, deny the same.

44. Defendants deny the allegations set forth in Paragraph 44 of the Complaint.

45. Defendants deny the allegations set forth in Paragraph 45 of the Complaint.

46. Defendants deny the allegations set forth in Paragraph 46 of the Complaint.

47. Defendants deny the allegations set forth in Paragraph 47 of the Complaint.

48. Defendants deny the allegations set forth in Paragraph 48 of the Complaint.

49. Defendants deny the allegations set forth in Paragraph 49 of the Complaint.

## COUNT I: VIOLATIONS OF 47 U.S.C. § 227(b)(1)(A)(iii)

50. Defendants hereby incorporate by reference their Answers to Paragraph 1 through Paragraph 49 as if fully set forth herein.

51. Defendants deny the allegations set forth in Paragraph 51 of the Complaint.

52. Defendants deny the allegations set forth in Paragraph 52 of the Complaint.

21404286v1

53. Defendants deny the allegations set forth in Paragraph 53 of the Complaint.

## JURY TRIAL DEMANDED

Defendants hereby request trial by jury.

## AFFIRMATIVE DEFENSES

A. All allegations set forth in the Complaint that have not been specifically admitted by Defendants are hereby denied.

B. Answering further and by way of affirmative defense, the Complaint fails to state a claim upon which relief can be granted in that Plaintiff's Complaint states mere legal conclusions without any factual support.

C. Answering further and by way of affirmative defense, Plaintiff's Complaint is barred, in whole or in part, by the doctrines of laches, waiver, estoppel, and unclean hands.

D. As and for their affirmative defenses, Defendants state that the Federal Communications Commission ("FCC") has exclusive rulemaking authority under the TCPA. Pursuant to that rulemaking authority, the FCC also issues orders providing guidance on interpretation and compliance with its provisions.  On January 4, 2008, the FCC adopted its Declaratory Ruling 07-232, in "In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991."  In part, this Declaratory Ruling provided:

> "[A]utodialed and prerecorded message calls to wireless numbers that are provided by the called party to a creditor in connection with an existing debt are permissible as calls made with the 'prior express consent' of the called party, and, that the provision of a cell phone number to a creditor, *e.g.*, as part of a credit application, reasonably evidences prior express consent by the cell phone subscriber to be contacted at that number regarding the debt."

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 23 F.C.C. Rcd. 559, 564 (2008).  And, referring to an earlier Order entered in 1992, the FCC stated:

6

> "[P]ersons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, absent instructions to the contrary."

*Id.*

The phone number allegedly called by Defendants in attempting to collect Plaintiff's account was provided by the debtor-Plaintiff to the third-party creditor (the "Creditor") to which the subject debt (the "Debt") was due and owing. Thus, any calls made by Defendants to Plaintiff were made at the phone number that Plaintiff provided and that Plaintiff consented to be contacted at with respect to the Debt pursuant to the FCC's interpretation and guidance on the application of the TCPA. Accordingly, Plaintiff's claims for violation of the TCPA must fail. Alternatively, Plaintiff, with his full knowledge and consent, provided the cellular telephone number to the Creditor as the contact number for the account under which the Debt was incurred.

E. As and for their affirmative defenses, Defendants state that Plaintiff's claims for violation of the Telephone Consumer Protection Act ("the TCPA") are preempted by the provisions of 15 U.S.C. § 1692 *et seq.,* the Fair Debt Collection Practices Act ("FDCPA"). The FDCPA was specifically enacted by Congress to regulate communications in the collection of consumer debts, whereas the TCPA was enacted solely for the purpose of regulating telemarketing calls, not calls placed in connection with collection of debts. Therefore, imposing liability on Defendants under the TCPA for any communications made to Plaintiff, and that were not telemarketing calls, violates the express intent and purpose of the TCPA.

F. As and for their affirmative defenses, Defendants state that Plaintiff has failed to plead allegations with required particularity, failed to plead damages with required specificity, and has sustained no actual damages.

G. As and for their affirmative defenses, Defendants state that to the extent that they have inadvertently violated the TCPA in connection with collection of the Debt owed by

7

Plaintiff, such violation was accidental and unintentional.

H.     As and for their affirmative defenses, Defendants state that to the extent that they have inadvertently violated the TCPA in connection with collection of the Debt owed by Plaintiff, this was caused by the actions of third-parties, to wit: (1) Plaintiff in providing to Creditor the cellular telephone number referred to in the Complaint, and which was contacted by Defendants on behalf of Creditor in an effort to collect the Debt owed by Plaintiff; and (2) the Creditor in providing Plaintiff's cellular telephone number to Defendants, and in representing to Defendants that Plaintiff offered his cellular telephone number as the contact number for the account under which the Debt was incurred.

I.     As and for their affirmative defenses, Defendants state that Plaintiff's action is not properly brought as a class action pursuant to Federal Rule of Civil Procedure 23 in that, among other things, Plaintiff is not an adequate class representative, common questions of fact and law do not predominate, Plaintiff's claims are not typical of the claims of the purported class, a class action is not superior to other available methods for the fair and efficient adjudication of this controversy.

J.     As and for their affirmative defenses, Defendants state that Plaintiff is not an adequate class representative, in part because he purports to represent a class of individuals that have improperly divided their single and unitary cause of action among multiple lawsuits.

K.     Defendants presently have insufficient knowledge or information upon which to form a belief as to whether they may have additional, and as of yet unstated, affirmative defenses available.  Defendants hereby reserve the right to assert additional affirmative defenses in the event discovery indicates that they would be appropriate.

WHEREFORE, Defendants Medicredit, Inc. and The Outsource Group, Inc. pray that this Court dismiss Plaintiff's Class Action Complaint, with prejudice, for their costs incurred herein, and for such other and further relief as this Court deems just and proper.

**LATHROP & GAGE LLP**

/s/ Scott J. Dickenson
Scott J. Dickenson, #50478MO
James Redd IV, #66172MO
7701 Forsyth Blvd., Suite 500
Clayton, MO 63105
Telephone:  (314) 613-2800
Telecopier:   (314) 613-2801
sdickenson@lathropgage.com
jredd@lathropgage.com

**Attorneys for Defendants Medicredit, Inc. and The Outsource Group, Inc.**

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above pleading was served by the Court's ECF system on this 13th day of March, 2014 on counsel of record.

/s/ Scott J. Dickenson

21404286v1