UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN PRATER, on behalf of himself and others similarly-situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| V. | ) Case No. 4:14CV159 NCC |
| | ) |
| MEDICREDIT, INC., and THE OUTSOURCE GROUP, INC., | )<br>)<br>) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Before the court is the Motion to Strike Defendants' Offer of Judgment filed by Plaintiff John Prater. (Doc. 13). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 9). The matter is fully briefed and ready for disposition.

**BACKGROUND**

On January 28, 2014, Plaintiff filed a Class Action Complaint, pursuant to Fed. R. Civ. P. 23(a) and (b), for alleged violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227.[1] (Doc. 1). The Complaint alleges that Medicredit, Inc., and The Outsource Group, Inc. (jointly, Defendants) acted together and "routinely violate[ed] 47 U.S.C. § 227(b)(1)(A)(iii)[2]

---

[1] The TCPA, 47 U.S.C. § 227, provides for restrictions on the use of telephone equipment.

[2] The TCPA, 47 U.S.C. § 227, provides:

It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States--

by placing non-emergency telephone calls to the cellular telephones of consumers using an automatic telephone dialing system and/or an artificial or prerecorded voice, without the prior express consent of the consumers." (Doc. 1, ¶¶ 3, 9). The Complaint alleges that, commencing in March 2013, Medicredit placed calls to Plaintiff's cellular telephone and left a pre-recorded message, in an attempt to collect a debt from a third person, whom Plaintiff did not know; Plaintiff spoke with a representative of Medicredit and told the representative that he was not the third person and instructed the representative not to call him again; after Plaintiff spoke with Medicredit's representative, Medicredit, on numerous specified dates, placed calls to Plaintiff's cellular telephone and left a pre-recorded message in an attempt to collect a debt from the third party; Defendants did not have Plaintiff's prior express consent to make any telephone calls to Plaintiff's cellular telephone; and "Defendants had knowledge that they were using, and intended to use, an automatic telephone dialing system to make and/or an artificial prerecorded voice to place the telephone calls identified [by Plaintiff]." (Doc. 1, ¶¶ 10-42).

On March 13, 2014, Defendants filed an Answer to the Complaint. (Doc. 10). On April 18, 2014, the court ordered that the parties submit a Joint Scheduling Plan by May 16, 2014. (Doc. 11). The parties then submitted their Joint Scheduling Plan on May 13, 2014. (Doc. 12). On May 15, 2014, Plaintiff filed the pending Motion to Strike Defendants' Offer of Judgment (the Offer), which Offer was dated May 8, 2014. (Doc. 13). The court issued a Case Management Order on May 23, 2014, which Order provides that discovery relevant to class

---

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice--
. . . .
(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

certification should be completed by November 14, 2014; and that a Class Certification Hearing will be held on June 15, 2015. (Doc. 18).

The purported Offer of Judgment is not before the court, but Plaintiff asserts in the pending motion that, on May 8, 2014, Defendants served upon Plaintiff an offer of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure in the total amount of $34,500.00, plus costs, but without attorneys' fees; that the Offer equals the allowable damages under the statute multiplied by the number of violations;[3] and that the Offer did not address relief for the proposed class.[4] (Doc. 14 at 3).

## DISCUSSION

In support of the pending Motion, Plaintiff argues that the Offer is an improper attempt to "pick off" the named plaintiff in this putative class action; that the Offer is an attempt by the defendants to "shirk" the requirements of Rule 23 of the Federal Rules of Civil Procedure; and that Defendants should not be able to employ the Offer in the context of a class action suit, because the risk of Plaintiff being held liable for Defendants' costs, should he eventually obtain a judgment less favorable than that which was offered, injects an improper conflict of interest between Plaintiff and the unnamed class members. (Doc. 14). Plaintiff also contends that March v. Medicredit, Inc., 2013 WL 6265070 (E.D. Mo. Dec. 13, 2013) (unpublished), is directly on point and provides authority for granting his Motion. (Doc. 21).

In opposition to Plaintiff's Motion, Defendants argue that claims arising under the TCPA are not suitable for disposition pursuant to a class action. Defendants also invite the court to

---

[3] The court assumes, without deciding, that Defendants' settlement offer exceeds what Plaintiff could recover in an individual action under the TCPA. See 47 U.S.C. § 227(b)(3)(B)(explaining that maximum recovery is the greater of $500 for each violation or plaintiff's actual monetary damages).

[4] Defendants do not dispute Plaintiff's description of the substance of the Offer.

3

inquire regarding the appropriateness of the proposed class in this case. Defendants' argument concerning class appropriateness is not only premature, but it is unresponsive to the pending Motion and, therefore, the court will not address it. Defendants also argue that the cases upon which Plaintiff relies in support of his Motion involve statutory causes of action other than the TCPA, and that, therefore, those cases do not support Plaintiff's Motion. Defendants also contend that, "[a]s a matter of policy, Plaintiff should not be permitted to have Defendants' offer in complete satisfaction of Plaintiff's claim stricken because of the 'pressure' to Plaintiff caused by the potential for cost-shifting at trial." (Doc. 19 at 3-9). Finally, Defendants contend that March, 2013 WL 6265070, is distinguishable because it involved a class action claim under the Fair Debt Collections Practices Act (FDCPA), while the pending matter is brought pursuant to the TCPA. (Doc. 25). For the following reasons, the court finds Defendants' arguments unpersuasive and that Plaintiff's Motion should be granted.

Offers of judgment are governed by Fed. R. Civ. P. 68, which provides, as relevant:

**(a) Making an Offer; Judgment on an Accepted Offer.** At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. . . . .

**....**

**(d) Paying Costs After an Unaccepted Offer.** If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.

"The plain purpose of Rule 68 is to encourage settlement and avoid litigation. . . . The rule prompts both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits." Marek v. Chesny, 473 U.S. 1, 5 (1985). As to whether Rule 68 is applicable in a class action context, the relevant authority within the Eighth Circuit provides that "the Eighth Circuit would likely not allow a defendant to

pay off the named plaintiff to preemptively force dismissal of the putative class action." March, 2013 WL 6265070, at *3 (emphasis added) (citing Liles v. Am. Corrective Counseling Servs., Inc., 201 F.R.D. 452, 455 (S.D. Iowa 2001)). See Hartis v. Chicago Title Insurance, Co., 694 F.3d 935 (8th Cir. 2012) (quoting Alpern v. Utilicorp United, Inc., 84 F.3d 1525, 1539 (8th Cir. 1996) ("Judgment should be entered against a putative class representative on a defendant's offer of payment only where class certification has been properly denied and the offer satisfies the representative's entire demand for injuries and cost of the suit.")). Although the Supreme Court held in Genesis Healthcare Corp. v. Symczyk, 133 S.Ct. 1523 (2013), that a plaintiff's collective action under the Fair Labor Standards Act, where no other plaintiffs had opted in, was mooted by an offer of judgment which completely satisfied the plaintiff's claim, authority within this Circuit provides that Genesis is inapplicable in the context of a class action filed pursuant to Rule 23.[5] March, 2013 WL 6265070, at *2 (citing Sandusky Wellness Center, LLC v. Medtox Scientific, Inc., 2013 WL 3771397, at *2 (D. Minn. July 18, 2013) (unpublished) (finding Genesis inapplicable after the defendant moved to dismiss a Rule 23 class action complaint under the Telephone Consumer Protection Act).

As stated by the court in March, 2013 WL 6265070, at *3, a defendant "should not be able to use offers of judgment to thwart class actions." Lamberson v. Fin. Crimes Servs., 2011 WL 1990450, at *2 (D. Minn. April 13, 2011) (unpublished). The cases discussed here recognize the rule that precertification offers should be stricken or invalidated where such offers create an early conflict of interest between the putative class representative and potential class

---

[5] The FLSA, 29 U.S.C. § 216(b), provides that "[a]n action to recover the liability prescribed [by the FLSA] may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. *No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.*" (emphasis added). Thus, FLSA class action cases are distinguishable from Rule 23 class action lawsuits; FLSA cases require potential class members to "opt in," rather than to "opt out."

members. This is so because such offers create an incentive for the representative to act against the interest of the class. Id. But see Goans Acquisition, Inc. v. Merchant Solutions, LLC, 2013 WL 5408460, at *6-7 (W.D. Mo. Sept. 26, 2013) (granting a dismissal of a putative class action based on the TCPA after the defendant's offer of judgment). Although the court acknowledges the contrary view as argued by Defendants, the court concludes that the rationale for the rule in March and Lamberson is sound, and it has significant support based on the Eighth Circuit's decision in Alpern, 84 F.3d at 1539. Although the defendant's offer in Alpern was not a Rule 68 offer of judgment, the Court recognized that the informal tender of payment should be subject to the same proscriptive rule because of the inherent conflict of interest such offers can generate. "This rule protects a class representative's responsibilities to the putative class members from being terminated by a defendant's attempt to pay off the representative's claims." Id.

Significantly, as in March, 2013 WL 6265070, at *3 and unlike in Goans Acquisition, Inc., 2013 WL 5408460, at *6-7, this is not a case where Plaintiff has "unduly delayed filing a motion for class certification"; as stated above, on April 18, 2014, this court ordered the parties to submit a joint scheduling plan by May 16, 2014; between the date of that order and the joint scheduling plan being filed – May 16, 2014 – Defendants served the Offer on Plaintiff, and Plaintiff promptly filed the pending Motion to strike the Offer; the court issued the Case Management Order as recently as May 23, 2014; and, most significantly, the Class Certification Hearing is not set until June 2015.

In conclusion, the court finds that Plaintiff's Motion to Strike Defendants' Offer of Judgment should be granted and the precertification Offer of Judgment must be deemed ineffective. As articulately held by the court in March, 2013 WL 6265070, at *3:

> In a class-action complaint, the named plaintiff, as the putative class representative, has a special role of assuming responsibility for the entire class of

persons.  Johnson v. U.S. Bank Nat. Ass'n, 276 F.R.D. 330, 332 (D. Minn. 2011).  Where a defendant presents a Rule 68 offer of judgment to the named plaintiff only, the plaintiff faces a conflict between accepting the amount offered to satisfy his individual claim or continuing to represent the putative class to obtain relief for the entire class.  Id. at 334.  Therefore, "to prevent an improper conflict of interest between a putative class representative and the putative class, a precertification offer of judgment must be deemed ineffective."  Lamberson, 2011 WL 1990450, at *4 (citation omitted).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike Defendants' Offer of Judgment (Doc. 13) is **GRANTED**.

Dated this 14th day of August, 2014.

/s/Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE