UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN PRATER, on behalf of himself and others similarly-situated, )<br>)<br>Plaintiff, )<br>)<br>V. )<br>)<br>MEDICREDIT, INC., and )<br>THE OUTSOURCE GROUP, INC., )<br>)<br>Defendants. ) | Case No. 4:14CV159NCC |

## MEMORANDUM AND ORDER

Before the court is the Motion for Protective Order filed by Defendant Medicredit, Inc. (Doc. 32). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 9). The matter is fully briefed and ready for disposition. For the following reasons, the Motion will be denied.

Plaintiff John Prater's Class Action Complaint, filed pursuant to Fed. R. Civ. P. 23(a) and (b), alleges Defendants Medicredit, Inc., and The Outsource Group, Inc., (jointly, Defendants) violated the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227.[1] (Doc. 1). The Complaint alleges that Defendants acted

---

[1] The TCPA, 47 U.S.C. § 227, provides for restrictions on the use of automated telephone equipment.

together and "routinely violate[ed] 47 U.S.C. § 227(b)(1)(A)(iii)[2] by placing non-emergency telephone calls to the cellular telephones of consumers using an automatic telephone dialing system and/or an artificial or prerecorded voice, without the prior express consent of the consumers." (Doc. 1, ¶¶ 3, 9).

Defendants subsequently filed a motion to stay this matter pending decisions by the Federal Communications Commission (the FCC) on issues in two petitions which, Defendants claimed, were both presently before the FCC and dispositive of the issues presently before the court pursuant to Plaintiff's Complaint. (Doc. 28). The court denied the Motion to Stay, by Memorandum and Order, dated September 18, 2014. (Doc. 36).

---

[2] The TCPA, 47 U.S.C. § 227(b)(1), provides:

It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States--

    (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice--
        . . . .
    (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

In the pending Motion, Defendant Medicredit asks the court for a protective order, postponing Plaintiffs' Fed. R. Civ. P. 26 and 30(b)(6) deposition of Medicredit's corporate designee, scheduled for September 23, 2014. Plaintiff's Amended Notice of Taking Deposition, Schedule A, reflects that the topics to be addressed in the deposition include those relevant to Medicredit's allegedly placing non-emergency telephone calls to the cellular telephones of consumers, including Plaintiff's, using an automatic telephone dialing system and/or an artificial or prerecorded voice. Matters to be addressed are relevant to class certification. (Doc. 33-1).

In support of the Motion for Protective Order, Medicredit argues that, if the deposition proceeds, its corporate designee will be required to investigate and testify as to the information responsive to the topics relevant to class certification; that the class certification hearing is not set until June 15, 2015;[3] and that Medicredit will be "unduly burdened" while the Motion to Stay is pending. Defendants primarily base their arguments in support of the pending Motion on the premise that the Motion to Stay should have been granted. As stated above, however, the court has denied the Motion to Stay. Because the court has denied the Motion to Stay, the class certification hearing set for June 15, 2015, will

---

[3] Medicredit incorrectly states the class certification hearing is set for May 15, 2015.

proceed as scheduled. As such, the court finds that the issues raised by Medicredit in the Motion for Protective Order are moot and that the Motion should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Medicredit's Motion for Protective Order (Doc. 32) is **DENIED**.

Dated this 19th day of September 2014.

/s/ Noelle C. Collins
UNITED STATES MAGISTRATE JUDGE