UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN PRATER, on behalf of himself and others similarly situated,<br><br>         Plaintiff,<br><br>    vs.<br><br>MEDICREDIT, INC. and THE OUTSOURCE GROUP, INC.,<br><br>         Defendants. | **Case No.:** 4:14-cv-00159-ERW |

**DECLARATION OF MICHAEL L. GREENWALD IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

I, Michael L. Greenwald, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.      My name is Michael L. Greenwald.

2.      I am over twenty-one years of age, and am fully competent to make the statements contained in this Declaration. I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

3.      I am a partner at the law firm of Greenwald Davidson Radbil PLLC, counsel for John Prater and the proposed class in the above-entitled action. I graduated from the University of Virginia in 2001 and Duke University School of Law in 2004. I have extensive experience litigating consumer protection and securities fraud class actions, including class actions brought under the Telephone Consumer Protection Act ("TCPA").

4.      My firm has been appointed class counsel in numerous class actions throughout the country, including those brought under the TCPA. *See, e.g., Jones v. I.Q. Data Int'l, Inc.*, No. 14-

00130, 2015 WL 2088969, at *2 (D.N.M. Apr. 21, 2015) (preliminarily approving TCPA class action settlement and appointing Greenwald Davidson Radbil PLLC as class counsel); *Ritchie v. Van Ru Credit Corp.*, No. 12-01714, 2014 WL 3955268, at *2 (D. Ariz. Aug. 13, 2014) (approving TCPA class action settlement and appointing Greenwald Davidson Radbil PLLC as class counsel).

5.      Prior to forming Greenwald Davidson Radbil PLLC, I spent six years as a litigator at Robbins Geller Rudman & Dowd LLP—the nation's largest plaintiff's class action firm. My practice at Robbins Geller focused on complex class actions, including securities, corporate governance, and consumer fraud litigation.

6.      More information about my firm, and my practice, is available on my firm's website, www.gdrlawfirm.com.

7.      I submit this Declaration in support of Mr. Prater's unopposed motion for preliminary approval of the settlement reached by the parties.

8.      The parties reached this settlement—which calls for the creation of a $6.75 million common fund from which class members will receive a pro-rata portion after deducting attorneys' fees, expenses, and claims administration costs—after engaging in extensive discovery and motion practice, and with the considerable assistance of the Honorable Wayne C. Andersen (Ret).  After a full-day mediation with Judge Andersen, the parties spent the subsequent weeks continuing arm's-length negotiations between experienced counsel and—with Judge Andersen's guidance— ultimately came to terms on the settlement.

9.      The parties reached their agreement following extensive litigation, including: (1) broad fact discovery, including the deposition of Medicredit, Inc. and its third-party telephone dialing vendor, LiveVox, Inc., and the review of thousands of pages of documents produced by Defendants; (2) discovery of Mr. Prater, including document discovery and his deposition; (3)

detailed motion practice, including Defendants' motion to stay the case pending action by the Federal Communications Commission, Medicredit's motion for a protective order, intervenor ClearLight Partners, LLC's motion to intervene, and Mr. Prater's motion to strike Defendants' offer of judgment; (4) a full-day mediation before Judge Andersen; and (5) following the mediation, weeks of additional negotiations between the parties under Judge Andersen's supervision.

10.     Given the excellent recovery for the class, particularly in light of the risks associated with continued litigation, I firmly believe the settlement to be fair, reasonable, and adequate and that it should be preliminarily approved by the Court.

11.     Attached hereto is a true and correct copy of the settlement agreement and its exhibits:

> Exhibit A: Postcard Notice to the Class
> Exhibit B: Question & Answer Notice to the Class
> Exhibit C: Claim Form
> Exhibit D: [Proposed] Order of Preliminary Approval
> Exhibit E: [Proposed] Final Order and Judgment

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 1, 2015.

By: *s/ Michael L. Greenwald*
        Michael L. Greenwald

EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| JOHN PRATER, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MEDICREDIT, INC. and THE OUTSOURCE GROUP, INC.,<br><br>Defendants,<br><br>and<br><br>CLEARLIGHT PARTNERS, LLC,<br><br>Intervenor. | Case No. 4:14-cv-00159-ERW<br><br>Judge E. Richard Webber |

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is effective as of July 1, 2015, and is entered into by Plaintiff John Prater ("Plaintiff"), individually and on behalf of members of the Class, by Defendants Medicredit, Inc. and The Outsource Group, Inc. (collectively, "Defendants"), and Intervenor ClearLight Partners, LLC ("ClearLight"). Plaintiff, Defendants and ClearLight are referred to collectively in this Agreement as the "Parties."

## I.      RECITALS[1]

1.01.    On January 28, 2014, Plaintiff filed a Complaint in the United States District Court for the Eastern District of Missouri entitled John Prater, on behalf of himself and others similarly situated vs. Medicredit, Inc. and The Outsource Group, Inc., Case No. 4:14-cv-00159 (the "Action"). The Complaint in the Action alleges that Defendants violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., by using an automatic telephone dialing system or an artificial or prerecorded voice to place, or cause to be placed, calls to numbers assigned to cellular telephone services.

1.02.    On September 23, 2014, ClearLight was granted leave to intervene in this action.

1.03.    Defendants and ClearLight deny all material allegations included in the Complaint and/or made in the Action. Defendants specifically dispute that they called Plaintiff or members of the Class without their consent, that they violated the TCPA, that Plaintiff can maintain his claims on a class wide basis for the purposes of contested litigation and that Plaintiff and members of the Class are entitled to any relief from Defendants or ClearLight. Nevertheless, given the risks,

---

[1]      Definitions of defined terms used in these recitals are provided in Section II. See Section II infra.

uncertainties, burden and expense of continued litigation, Defendants have agreed to settle this litigation on the terms set forth in this Agreement, subject to the Court's approval.

1.04.   Plaintiff believes that the claims asserted in the Action have merit and that the evidence developed to date supports those claims.  This Settlement in no event is to be construed or deemed to be evidence of or an admission or concession on the part of Plaintiff that there is any infirmity in the claims asserted by Plaintiff or that there is any merit whatsoever to any of the contentions and defenses that Defendants and/or ClearLight have asserted.

1.05.   This Agreement resulted from good faith, arm's length settlement negotiations between the Parties and following the recommendation of the Hon. Wayne R. Andersen (Ret.) after an all-day mediation session and subsequent weeks of discussions between the Parties and Judge Andersen.  The mediation and settlement discussions came after over a year of intensive litigation, including extensive discovery and motion practice regarding the claims.

1.06.   Based on the investigation and the negotiations described above, Class Counsel have concluded, taking into account the sharply contested issues involved, the risks, uncertainty and cost of further prosecution of this litigation, and the substantial benefits to be received by members of the Class pursuant to this Agreement, that a settlement with Defendants and ClearLight on the terms set forth herein is fair, reasonable, adequate and in the best interests of the Settlement Class Members.

1.07.   The Parties understand, acknowledge and agree that the execution of this Agreement constitutes the Settlement and compromise of disputed claims.  This Agreement is inadmissible as evidence against any Party except to enforce the terms of the Agreement and is not an admission of wrongdoing or liability on the part of any Party to this Agreement. It is the Parties' desire and intention to effect a full, complete and final settlement and resolution of all existing disputes and claims as set forth herein.

1.08.   The Settlement contemplated by this Agreement is subject to preliminary and final approval by the Court, as set forth herein. This Agreement is intended by the Parties to fully, finally and forever resolve, discharge and settle the Released Claims, upon and subject to the terms and conditions hereof.

## II.   DEFINITIONS

2.01.   "Action" means the civil action identified in Section 1.01, above.

2.02.   "Agreement" or "Settlement Agreement" means this Settlement Agreement and Release.

2.03.   "Approved Claims" means claims that have been timely submitted by Settlement Class Members to the Claims Administrator and approved for payment.

2.04.   "CAFA Notice" means the notice required by 28 U.S.C. § 1715(b).

2.05.   "Claims Administrator" means Kurtzman Carson Consultants or KCC.

2

2.06.   "Claims Deadline" means ninety (90) Days from the date of the issuance of the Preliminary Approval Order.

2.07.   "Claim Form" shall mean the form submitted to the Claims Administrator by persons wishing to make a claim and attached hereto as Exhibit C.

2.08.   "Class" or "Class Members" means the persons in the following Class:

All persons and entities throughout the United States (1) to whom Medicredit, Inc. and/or The Outsource Group, Inc. made or caused to be made one or more telephone calls, (2) directed to a number assigned at the time of the call(s) to a cellular telephone service (whether the number was assigned to the person receiving the call or not), (3) by using an automatic telephone dialing system and/or an artificial or prerecorded voice, (4) from January 28, 2010 through and including the date of the Preliminary Approval Order, and (5) for whom Medicredit, Inc., The Outsource Group, Inc. and/or the Released Parties did not have a valid consent for such call or calls at the time thereof.

2.09.   "Class Counsel" means Michael L. Greenwald, James L. Davidson, and Aaron D. Radbil of Greenwald Davidson Radbil PLLC.

2.10.   "Class Period" means January 28, 2010 up to and including the date the Court issues the Preliminary Approval Order.

2.11.   "Class Representative" means John Prater.

2.12.   "Court" means the United States District Court for the Eastern District of Missouri, and the U.S. District Judge to which the Action is assigned.

2.13.   "Days" means calendar days, except that when computing any period of time prescribed or allowed by this Settlement Agreement, the day of the act, event or default from which the designated period of time begins to run shall not be included. Furthermore, when computing any period of time prescribed or allowed by this Settlement Agreement, the last day of the period so computed shall be included, unless it is a Saturday, a Sunday or a Federal or State of Missouri legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday or Federal or State of Missouri legal holiday.

2.14.   "Effective Date" means the date when the judgment has become final as provided in Section 14.01.

2.15.   "Final Approval Hearing" means the hearing held by the Court to determine whether to finally approve the Settlement set forth in this Agreement as fair, reasonable, and adequate.

2.16.   "Final Approval Order" means the Court's Order entered in connection with the Final Approval Hearing, approving the Settlement and Agreement as being fair, reasonable and adequate, substantially in the form attached as Exhibit E.

2.17.   "Final Distribution Date" means the date set forth in Section 8.05(f).

2.18.   "Funding Date" means the date, which is no later than twenty-one (21) Days after the Effective Date, on which Defendants must cause a payment to be made into the Settlement Fund Account pursuant to Section 8.04.

2.19.   "Judgment" means  the final judgment entered by the Court granting final approval of this Settlement and dismissing the claims of Plaintiff and Class Members with prejudice.

2.20.   "Notice" means the notices to be provided to Class Members as set forth in Section 9, including, without limitation, the direct mail notice, the Q & A Notice Form to be posted on the website, and the internet notice process described in Sections 9.01 through 9.06. The forms of the direct mail notice and the Q & A Notice Form are attached hereto as Exhibits A and B, respectively.

2.21.   "Objection Deadline" means ten (10) Days after the Claims Deadline.

2.22.   "Opt-Out Deadline" means ten (10) Days after the Claims Deadline.

2.23.   "Parties" means Class Representative and Settlement Class Members together with Defendants and ClearLight.   Class Representative and Settlement Class Members shall be collectively referred to as one "Party," with Defendants and ClearLight as the other "Party."

2.24.   "Preliminary Approval Order" means the Court's order entered in connection with the preliminary approval hearing, substantially in the form attached as Exhibit D.

2.25.   "Q&A Notice Form" means the long-form Question & Answer Form Notice containing questions and answers relating to the terms of the Settlement, which will be made available on the Settlement Website, the form of which is attached hereto as Exhibit B.

2.26.    "Qualified Class Member" means a Settlement Class Member who submits a claim for monetary relief that is approved pursuant to Section 10.03.

2.27.    "Released Claims" means those claims released in Section 16.01.

2.28.   "Released Parties" means Medicredit, Inc., The Outsource Group, Inc., ClearLight Partners, LLC, and each of their respective past, present and future parents, subsidiaries, affiliated companies and corporations, and each of their respective past, present, and future directors, officers, managers, employees, general partners, limited partners, principals, agents, insurers, reinsurers, shareholders, advisors, representatives, predecessors, successors, divisions, joint ventures, assigns, or related entities, and each of their respective executors, successors, assigns, and legal representatives.   Released Parties shall also include the customers and clients of Medicredit, Inc., The Outsource Group, Inc. and ClearLight Partners, LLC for whom Defendants were providing debt collection and other services.

2.29.   "Settlement" means the settlement reflected in this Agreement.

2.30.   "Settlement Awards" means the awards specified in Section 5.02.

4

2.31.   "Settlement Class" or "Settlement Class Members" means those persons who are members of the Class as defined in Section 2.08 above and who do not timely and validly request exclusion from the Settlement Class.

2.32.   "Settlement Fees And Expenses" means all fees and expenses related to the Settlement, including attorneys' fees, costs and expenses awarded to Class Counsel by the Court, any incentive payments awarded to Plaintiff by the Court, notice costs, costs of claims administration and dispute resolution and all other costs of administering the Settlement.

2.33.   "Settlement Fund" means an all-inclusive payment of six million seven hundred and fifty thousand dollars ($6,750,000.00) which will be made by Defendants to resolve this litigation.  As set forth in this Agreement, the "Settlement Fund" will be used for Settlement Fees And Expenses, including administration expenses, any cost associated with class notice, including mailing costs, taxes and tax-related expenses incurred by or in connection with the creation of the Settlement Fund, any incentive awards ordered by the Court to be paid to the Class Representative, any attorneys' fees, costs or expenses ordered by the Court to be paid to Class Counsel, and all amounts to be paid to Settlement Class Members under this Agreement.  Under no circumstances, however, will Defendants or anyone else be required to pay any amount in excess of $6,750,000.00 to resolve the Action.

2.34.   "Settlement Notice" means the notice of settlement on the form attached hereto as Exhibit A, or as otherwise approved by the Court.

2.35.   "Settlement Notice Date" means the date the Settlement Notices are mailed to Class Members.

2.36.   "Settlement Website" means the Internet website operated by the Claims Administrator as described in Section 9.04.

2.37.   "TCPA" means the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., and any regulations or rulings promulgated thereunder.

### III.   UNDERTAKINGS OF THE PARTIES

3.01.   The Parties agree to the approval of this Settlement. The Parties further agree to undertake all steps necessary to effectuate the terms and purposes of this Agreement, to secure the Court's approval of same, and contemplate that they will oppose any objections to the proposed Settlement, including objections by any regulatory authority after CAFA notices are issued, and oppose any appeals from any orders of final approval.

### IV.   CLASS, CLASS COUNSEL AND CLASS REPRESENTATIVES

4.01.   Certification Of Class For Purposes Of Settlement.  Pursuant to Fed. R. Civ. P. 23, the Parties hereto agree to certification, for settlement purposes only, of the following Class:

> All persons and entities throughout the United States (1) to whom Medicredit, Inc. and/or The Outsource Group, Inc. made or caused to be made one or more telephone calls, (2) directed to a number assigned at the time of the call(s) to a

cellular telephone service (whether the number was assigned to the person receiving the call or not), (3) by using an automatic telephone dialing system and/or an artificial or prerecorded voice, (4) from January 28, 2010 through and including the date of the Preliminary Approval Order, and (5) for whom Medicredit, Inc., The Outsource Group, Inc. and/or the Released Parties did not have a valid consent for such call or calls at the time thereof.

4.02.   Representative And Class Counsel Appointment. For settlement purposes, and subject to Court approval, John Prater is appointed as the Class Representative for the Class and Michael L. Greenwald, James L. Davidson, and Aaron D. Radbil of Greenwald Davidson Radbil PLLC are appointed as Class Counsel.

4.03.   Solely for the purpose of implementing this Settlement Agreement and effectuating the Settlement, the Parties stipulate to the Court entering an order preliminarily certifying the Class for settlement purposes only and finding that Plaintiff and Class Counsel are adequate representatives of the Class.  Defendants do not agree to the certification of the Class or to the appointment or adequacy of Plaintiff or Class Counsel for any purpose other than to effectuate the Settlement.  In the event that the Settlement Agreement is terminated pursuant to its terms or is not approved in any material respect by the Court, or such approval is reversed, vacated, or modified in any material respect by the Court or by any other court, the certification of the Class shall be deemed vacated, the Action shall proceed as if the Class had never been certified and no reference to the Class, this Settlement Agreement or any documents, communications or negotiations related in any way thereto shall be made for any purpose in the Action or in any other action or proceeding.

## V.     SETTLEMENT TERMS AND BENEFITS TO THE SETTLEMENT CLASS

5.01.   Settlement Fund. Defendants will pay $6,750,000.00 to settle the Action and obtain a release of all Released Claims in favor of all Released Parties as set forth herein. The Settlement Fund will be used to pay Approved Claims and all Settlement Fees And Expenses.

5.02.   Amount Paid Per Claim. The amount remaining in the Settlement Fund after deducting Settlement Fees And Expenses will be divided among Qualified Class Members on a pro rata basis with each Qualified Class Member receiving an equal share.

5.03.   Qualifying For Payment.  Settlement Class Members who submit a completed Claim Form to the Settlement Administrator on or before the Claims Deadline shall qualify for payment.  Class Counsel, Defendants and ClearLight shall have the right to monitor and audit Claim Forms submitted by any person or entity, and if Class Counsel, Defendants or ClearLight believe that any Claim Form submitted is not valid or that the person submitting the Claim Form is not a Settlement Class Member or is otherwise not entitled to payment, Class Counsel, Defendants and ClearLight shall confer in good faith.  If they agree payment should not be made to the person or entity in question, the Settlement Administrator shall notify that person or entity. If they do not agree with regard to whether payment should be made or if the person or entity whose Claim Form was disallowed does not agree with the determination of the Parties, all such disputes shall be referred to the Court for resolution.

6

## VI.   ATTORNEYS' FEES, COSTS AND PAYMENT
## TO CLASS REPRESENTATIVES

6.01.   <u>Attorneys' Fees And Costs</u>. Class Counsel will move the Court for an award of attorneys' fees and expenses to be paid from the Settlement Fund.  Defendants and ClearLight will not object to a request by Class Counsel for (a) attorneys' fees in an amount not exceeding one-third of the Settlement Fund and (b) expenses not exceeding $35,000.00.  The amount of attorneys' fees and expenses approved by the Court will be paid from the Settlement Fund and not in addition thereto.  Within fourteen (14) Days of the Funding Date, the Claims Administrator will pay to Class Counsel the amount of attorneys' fees, costs, and expenses awarded to Class Counsel by the Court, as directed by written instructions from Class Counsel.  Class Counsel agree that once Defendants have fully funded the Settlement Fund, the obligation of Defendants and ClearLight to Class Counsel are fully satisfied and discharged, and Class Counsel shall have no further or other claim against Defendants, ClearLight or the Released Parties, including but not limited to a claim for enforcement of any attorneys' lien.

6.02.   <u>Payment To Class Representative</u>.  Plaintiff will move the Court for an award of an incentive payment for the time and effort he has invested in this Action. Defendants will not object to such incentive payment provided it does not exceed $20,000.00, subject to the Court's approval. Within fourteen (14) Days of the Funding Date, the Claims Administrator will pay to Plaintiff's counsel the amount of incentive payments awarded by the Court, and Plaintiff's counsel will disburse such funds.  Any and all incentive awards and/or other fees and/or expenses will be paid exclusively out of the Settlement Fund.

6.03.   <u>Settlement Independent Of Award of Fees, Costs And Incentive Payments</u>. The payments of attorneys' fees, costs and incentive payments set forth in Sections 6.01 and 6.02 are subject to and dependent upon the Court's approval as fair, reasonable, adequate and in the best interests of Settlement Class Members.  This Settlement, however, is not dependent upon the Court's approving Plaintiff's requests for such payments or awarding the particular amounts sought by Plaintiff and Class Counsel.  In the event the Court declines Plaintiff's requests or awards less than the amounts sought, this Settlement will continue to be effective and enforceable.

## VII.   PRELIMINARY APPROVAL

7.01.   <u>Order of Preliminary Approval</u>.  As soon as practicable after the execution of this Agreement, Plaintiff will move the Court for entry of the Preliminary Approval Order in substantially the form attached as Exhibit D. Pursuant to the motion for preliminary approval, the Plaintiff will request that:

(a)   the Court conditionally certify the Class for settlement purposes only and appoint Class Counsel as counsel for the Class;

(b)   the Court preliminarily approve the Settlement and this Agreement as fair, reasonable and adequate, and within the reasonable range of possible final approval;

(c)   the Court approve the form of Notice and find that the notice program set forth herein constitutes the best notice practicable under the

circumstances, and satisfies due process and Rule 23 of the Federal Rules of Civil Procedure;

(d)     the Court set the date and time for the Final Approval Hearing, which may be continued by the Court from time to time without the necessity of further notice; and,

(e)     the Court set the Claims Deadline, the Objection Deadline and the Opt-Out Deadline.

## VIII.   ADMINISTRATION AND NOTIFICATION PROCESS

8.01.   <u>Third-Party Claims Administrator</u>.   The Claims Administrator, KCC, will be responsible for all matters relating to the administration of this Settlement, as set forth herein. Those responsibilities include, but are not limited to, giving notice, obtaining addresses (as practicable) for Class Members based on cellular phone numbers contained in Defendants' records, obtaining new addresses for returned mail, setting up and maintaining the Settlement Website and toll-free telephone number, fielding inquiries about the Settlement, processing claims, acting as a liaison between Class Members and the Parties regarding claims information, approving claims, rejecting any Claim Form where there is evidence of fraud, directing the mailing of settlement payments to Settlement Class Members, and any other tasks reasonably required to effectuate the foregoing. The Claims Administrator will provide weekly updates on the claims status to counsel for all Parties.

8.02.   <u>Notice Database</u>.   To facilitate the notice and claims administration process, Defendants will provide to the Claims Administrator computerized records maintained by Defendants.   Those computerized records will be provided by Defendants for purposes of identifying members of the Class and providing Notice to members of the Class.  Defendants have provided this data to the Claims Administrator and to Class Counsel.  If any of the terms of this Settlement relating to the Claims Administrator's services would unreasonably hinder or delay such processes or make them more costly, the Claims Administrator will so advise the Parties, and the Parties will accommodate the Claims Administrator to the extent necessary to carry out the intent of this Settlement Agreement.   Any personal information relating to Class Members provided to the Claims Administrator pursuant to this Settlement will be provided solely for the purpose of providing notice to Class Members and allowing them to recover under this Settlement; will be kept in strict confidence; will not be disclosed to any third party; and, will not be used for any other purpose.

8.03.   <u>Payment Of Notice And Claims Administration Costs</u>. Defendants will pay the reasonable costs of notice and settlement administration that are incurred prior to the creation of the Settlement Fund, and Defendants will be given full credit for all such payments in funding the Settlement Fund. The Claims Administrator will provide an estimate of the amount of costs required to locate members of the Class, mail notice, establish the Settlement Website and establish a toll-free telephone number, as well as any other initial administration costs to the Parties. Defendants will pay the Claims Administrator as needed and appropriate, and the Claims Administrator will bill Defendants monthly for the additional costs of Settlement administration, until such time as the Settlement Fund is established.   Any amounts paid by Defendants for the

estimated costs of administration that are not incurred by the Claims Administrator are to be used for other administration costs or will be deducted from future billings by the Claims Administrator. The Claims Administrator will maintain detailed records of the amounts spent on the administration of the Settlement and will provide those records to the Parties monthly.  At such time that Defendants fund the Settlement Fund, all amounts previously paid to the Claims Administrator by Defendants will be deducted from the Settlement Fund Defendants are required to fund.  After Defendants have created the Settlement Fund, Defendants and ClearLight will have no further obligation to pay any amount under this Settlement, and any additional Settlement Fees And Expenses will be paid out of the Settlement Fund.

8.04.    Payment For Approved Claims And Remaining Settlement Fees And Expenses. Within twenty-one (21) Days after the Effective Date, Defendants will provide funds to the Claims Administrator in an amount equal to the difference between what has been paid to that date and the full amount of the Settlement Fund. The Settlement Fund is to be maintained in an interest bearing account. Defendants will, upon request from the Administrator, advance any bank fees or charges associated with maintaining the administration bank account. Any such payments will be included in the deductions from the Settlement Fund, as set forth in Section 8.03.

8.05.    Distribution Of The Settlement Fund.  The Claims Administrator will distribute the funds in the Settlement Fund in the following order and within the time period set forth with respect to each such payment:

(a)    first, no later than seven (7) Days after the Funding Date, the Claims Administrator will pay taxes and tax-related expenses, if any, or, at the Claims Administrator's discretion, it will reserve an amount of the Settlement Fund sufficient to pay taxes and  tax-related expenses as described in Section 19;

(b)    next, no later than twenty (20) Days after the Funding Date, the Claims Administrator will be paid for any unreimbursed costs of administration;

(c)    next, no later than fourteen (14) Days after the Funding Date, the Claims Administrator will pay to the Class Representative any incentive award ordered by the Court, as described in Section 6.02;

(d)    next, no later than fourteen (14) Days after the Funding Date, the Claims Administrator will pay to Class Counsel any award of attorneys' fees, costs, or expenses ordered by the Court, as described in Section 6.01;

(e)    next, no later than thirty (30) Days after the Funding Date, the Claims Administrator will pay the Settlement Awards to Qualified Class Members pursuant to Section 10;

(f)    finally, on the Final Distribution Date, which is the earlier of (i) the date as of which all the checks for Settlement Awards have been cashed or (ii) two hundred ten (210) Days after the date on which the last check for a Settlement Award was issued, the Claims Administrator will pay any amount remaining in the Settlement Fund Account from uncashed settlement checks to Defendants, in a manner directed by Defendants, up to the costs of claims administration.  Any

remaining monies will then be paid to a cy pres recipient agreed-upon by the Parties.

## IX.    NOTICES

9.01.    <u>Mailing Of Settlement Notice</u>.  The Claims Administrator will send the Settlement Notice as practicable to members of the Class by first class mail within thirty (30) Days after entry of the Preliminary Approval Order, or as soon as practicable thereafter.  The Claims Administrator will use the data and information provided by Defendants (as specified in Section 8.02) to obtain as is practicable the last-known address of members of the Class by performing reverse look-ups of the cellular telephone numbers provided by Defendants.  The last-known addresses of Class Members obtained by the Claims Administrator may be subject to confirmation or updating as follows:

(a)    the Claims Administrator may check each address obtained against the United States Post Office National Change of Address Database before the initial mailing;

(b)    the Claims Administrator may conduct a reasonable search to locate an updated address for any Class Member whose Settlement Notice is returned as undeliverable;

(c)    the Claims Administrator will update addresses based on any forwarding information received from the United States Post Office; and

(d)    the Claims Administrator will update addresses based on any requests received from Class Members.

9.02.    <u>Re-Mailing Of Returned Settlement Notices</u>. Any Settlement Notices that are returned as non-deliverable with a forwarding address shall promptly be re-mailed by the Claims Administrator to such forwarding address.

9.03.    <u>Question And Answer Notice</u>.  The Claims Administrator will also post on the Settlement Website the Q & A Notice Form, which will set forth in a question and answer format the details of the Settlement, and the rights of Class Members to participate in the Settlement, exclude themselves or object to the Settlement.  <u>See</u> Exhibit B.

9.04.    <u>Settlement Website Notice</u>.   By the Settlement Notice Date, the Claims Administrator will maintain and administer a dedicated Settlement Website containing class information and related documents, along with information necessary to file a claim, and an electronic version of the Claim Form members can download, complete and submit electronically. At a minimum, such documents must include the Settlement Agreement and Exhibits, the Notice, the Q & A Notice Form, the Preliminary Approval Order, a downloadable Claim Form for anyone wanting to print a hard copy and mail in the Claim Form, Plaintiff's then-operative pleading, and when filed, the Final Approval Order.

9.05.    <u>Toll-Free Telephone Number</u>.   Within thirty (30) Days of the entry of the Preliminary Approval Order, the Claims Administrator must set up a toll-free telephone number

for receiving toll-free calls related to the settlement.  That telephone number will be maintained until thirty (30) Days after the Claims Deadline. After that time, and for a period of ninety (90) Days thereafter, either a person or a recording will advise any caller to the toll-free telephone number that the Claims Deadline has passed and the details regarding the Settlement may be reviewed on the related Settlement Website.

9.06.   CAFA Notice.  Defendants in coordination with the Claims Administrator will be responsible for serving the Class Action Fairness Act ("CAFA") notice required by 28 U.S.C. § 1715 within ten (10) Days of the filing of the Preliminary Approval Motion.

## X.   CLAIMS PROCESS

10.01.   Potential Claimants.  Each Class Member who does not timely and validly request exclusion from the Settlement Class as required in this Agreement will be a Settlement Class Member and entitled to make a claim.  Each Settlement Class Member will be entitled to make only one claim, regardless of the number of calls made to that Settlement Class Member's cell phone number(s).

10.02.   How To Make A Claim. To make a claim, a Settlement Class Member must either:

(a)     submit a claim online at the Settlement Website; or

(b)     submit the completed Claim Form to the Claims Administrator by mail.

All claims must be submitted by the Claims Deadline as set forth in the Settlement Notice. Any Claim Form submitted in any manner after the Claims Deadline will be deemed untimely and an invalid claim.

10.03.   How A Claim is Approved.  The claims process requires only that the Settlement Class Member complete the Claim Form attached hereto as Exhibit C.  If a Settlement Class Member submits a claim and qualifies for a monetary payment, he or she is a "Qualified Class Member." Except as necessary to resolve issues related to challenged or denied claims or to evaluate requests for exclusion and/or respond to objections, the Claims Administrator shall not provide to the Parties, their counsel or any of their agents any identifying information obtained from the Class Members for purposes of facilitating the Class Notice, Settlement Awards or claims administration, other than the names of persons submitting Settlement Claims and requesting exclusion.

## XI.   CLAIM REVIEW PROCESS

11.01.   Review Of Approved Or Denied Claims. Each Settlement Class Member who does not exclude himself or herself from the class and who makes a timely claim will have their claim reviewed by the Claims Administrator.  The Claims Administrator will review the claims and advise the Parties, at a minimum, on a weekly basis of the claims that are approved and denied. As specified in Section 10, each Party is entitled to contest the denial of any claims, first through a meet and confer with the Claims Administrator and the other Party, and then, if they are unable to resolve the issue, the Party contesting the denial may seek a resolution from the Court.  To the

11

extent possible, the Parties and the Claims Administrator will attempt to resolve any issues regarding denied claims prior to the Final Approval Hearing.  If any disputed claim denials are unresolved at the time of the Final Approval Hearing, however, that will not prevent the Final Approval Hearing from going forward, with the issues to be resolved at a later date but within sixty (60) Days of the entry of any order regarding the Final Approval Hearing, including any order for final approval of the settlement.

11.02.  <u>Mailing Of Settlement Checks</u>.  Settlement checks are to be sent to Qualified Class Members by the Claims Administrator by first class United States mail no later than sixty (60) Days after the Effective Date. If any settlement checks are returned, the Claims Administrator will attempt to obtain a new mailing address for that Settlement Class Member by taking the steps described in Section 9.01. If, after a second mailing, the settlement check is again returned, no further efforts need be taken by the Claims Administrator to resend the check. The Claims Administrator will advise Class Counsel and counsel for Defendants and ClearLight of the names of the claimants whose checks are returned by the postal service as soon as practicable. Each settlement check will be negotiable for one hundred eighty (180) Days after it is issued.  In the event that any checks attributable to Settlement Awards remain uncashed, the Claims Administrator will distribute any such funds as specified in Section 8.05(f).

## XII.   EXCLUSIONS AND OBJECTIONS

12.01.  <u>Opting Out Of The Settlement</u>.   Any Class Members who wish to exclude themselves from the Settlement Class ("opt out") must advise the Claims Administrator in writing of that intent, and their opt out request must be postmarked no later than the Opt-Out Deadline. The Claims Administrator will provide the Parties with copies of all opt-out requests it receives, and will provide a list of all Class Members who timely and validly opted out of the settlement in their declaration filed with the Court, as required by Section 13.01.  Class Members who do not properly and timely submit an opt-out request will be bound by this Agreement and the judgment, including the releases in Section 16 below.  If more than 1,000 Class Members opt out, Defendants have the option of voiding this Settlement and proceeding with the litigation, as provided in Sections 17.02 and 17.03 below.

      (a)   In the written request for exclusion, the Class Member must state his or her full name, address, and telephone number. Further, the Class Member must include a statement in the written request for exclusion that he or she wishes to be excluded from the Settlement.

      (b)   Any Class Member who submits a valid and timely request for exclusion will not be a Settlement Class Member and will not be bound by the terms of this Agreement.

      (c)   Class Members may opt out for themselves only. So-called "mass" or "class" opt-outs, whether filed by third parties on behalf of a "mass" or "class" of class members or multiple class members where no personal statement has been signed by each and every individual class members, will not be allowed.

12.02.  Objections.  Any Settlement Class Member who intends to object to the fairness of this Settlement must file a written objection with the Court and provide a copy to Class Counsel and counsel for Defendants and ClearLight by the Objection Deadline.

(a)     In the written objection, the Settlement Class Member must state his or her full name, address, and telephone number, explain how and why he or she is a Class Member, the factual and legal reasons for his or her objection, a list of all witnesses that the Class Member intends to call by live testimony, deposition testimony, or affidavit or declaration testimony, and whether he or she intends to appear at the Final Approval Hearing on his or her own behalf or through counsel. Any documents or exhibits supporting the objection, or that the Class Member intends to present at the Final Approval Hearing, must also be attached to the Objection.

(b)     Any Settlement Class Member who objects must appear at the Final Approval Hearing, either in person or through an attorney hired at the Settlement Class Member's own expense, to object to the fairness, reasonableness, or adequacy of this Agreement or the Settlement.  A Settlement Class Member or his or her attorney intending to make an appearance at the Final Approval Hearing must: (i) file a notice of appearance with the Court no later than twenty (20) Days prior to the Final Approval Hearing, or as the Court may otherwise direct; and (ii) serve a copy of such notice of appearance on all counsel for all Parties.  Any Settlement Class Member who fails to comply with the provisions of this Section waives and forfeits any and all rights to appear separately and/or to object, and will be bound by all the terms of this Settlement, and by all proceedings, orders, and judgments in the litigation.

## XIII.   FINAL APPROVAL AND JUDGMENT ORDER

13.01.  No later than twenty-one (21) Days prior to the Final Approval Hearing, the Claims Administrator will file with the Court and serve on counsel for all Parties a declaration stating that the Notice required by the Agreement has been completed in accordance with the terms of the Preliminary Approval Order.

13.02.  If the Settlement is approved preliminarily by the Court, and all other conditions precedent to the Settlement have been satisfied, no later than twenty-one (21) Days prior to Final Approval Hearing:

(a)     Class Counsel will request that the Court enter a Final Approval Order and file a memorandum of points and authorities in support of the motion; and

(b)     The Parties will file, as appropriate, any responses to objections filed to the Settlement.

13.03.  At the Final Approval Hearing, the Court will consider and determine whether the provisions of this Agreement should be approved, whether the Settlement should be finally approved as fair, reasonable and adequate, whether any objections to the Settlement should be

overruled, whether the fee award and incentive payment to the Class Representative should be approved, and whether a judgment finally approving the Settlement should be entered.

13.04.  This Agreement is subject to and conditioned upon the issuance by the Court of a Final Approval Order which grants final approval of this Agreement and Settlement and:

(a)  finds that the Notice provided satisfies the requirements of due process and Fed. R. Civ. P. 23(e)(1);

(b)  finds that Settlement Class Members have been adequately represented by the Class Representative and Class Counsel;

(c)  finds that the Settlement Agreement is fair, reasonable and adequate to the Settlement Class, that each Settlement Class Member shall be bound by this Agreement, and that this Settlement Agreement should be and is approved;

(d)  dismisses on the merits and with prejudice all claims of the Settlement Class Members asserted in the Action;

(e)  retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Settlement; and

(f)  contains any other terms agreed to by the Parties or required by the Court.

## XIV.   FINAL JUDGMENT

14.01.  The Judgment entered at the Final Approval Hearing will be deemed final:

(a)  Thirty-five (35) Days after entry of the Judgment approving the Settlement if no document is filed within that time seeking appeal, review or rehearing of the Judgment; or

(b)  If any such document is filed, then fifteen (15) Days after the date upon which all appellate and/or other proceedings resulting from such document have been finally terminated in such a manner as to permit the Judgment to take effect in substantially the form described in Section 13.04.

## XV.   CONFIRMATORY DISCOVERY

15.01.  Class Counsel will be entitled to conduct limited discovery to confirm the accuracy of the information provided to them during the course of the litigation and the Parties' settlement negotiations.  The purpose of that discovery is to confirm the total number of Class Members and the procedures and methodology used to identify members of the Class and provide Notice.  This discovery is to be used solely for purposes of finalizing this Settlement and may not be used for any purpose in the event this Agreement is terminated or is otherwise not fully and finally approved by the Court.

## XVI.   RELEASE OF CLAIMS

16.01.  <u>Released Claims</u>. Plaintiff and each Settlement Class Member, as well as their respective assigns, heirs, executors, administrators, successors, attorneys and agents, hereby release, resolve, relinquish and discharge each and all of the Released Parties from each of the Released Claims (as defined below).  Plaintiff and the Settlement Class Members further agree that they will not institute any action or cause of action (in law, in equity or administratively), suits, debts, liens, or claims, known or unknown, fixed or contingent, that they may have or claim to have, in state or federal court, in arbitration, or with any state, federal or local government agency or with any administrative or advisory body, arising from or reasonably related to the Released Claims. The release does not apply to Class Members who timely opt-out of the Settlement.

"Released Claims" means any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the date of entry of the Preliminary Approval Order, that arise out of or relate to the Released Parties' use of an "automatic telephone dialing system" or an "artificial or prerecorded voice" to contact or attempt to contact Settlement Class Members, to the fullest extent that those terms are used, defined or interpreted by the Telephone Consumer Protection Act, 47 U.S.C. § 227, <u>et seq</u>., relevant regulatory or administrative promulgations and case law, including, claims under or for a violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, <u>et seq</u>., and any other statutory or common law claim arising from the use of automatic telephone dialing systems and/or an artificial or prerecorded voice to call cellular telephones.

16.02.  <u>Covenant Not To Sue</u>. Plaintiff agrees and covenants, and each Settlement Class member will be deemed to have agreed and covenanted, not to sue any Released Party with respect to any of the Released Claims, or otherwise to assist others in doing so, and agree to be forever barred from doing so, in any court of law or equity, or any other forum.

## XVII.  TERMINATION OF AGREEMENT

17.01.  <u>Either Side May Terminate the Agreement</u>.  Plaintiff or Defendants have the right to unilaterally terminate this Agreement by providing written notice of his, their or its election to do so ("Termination Notice") to all other Parties hereto within ten (10) Days of either of the following occurrences, but both sides agree to first confer prior to such written notice:

(a)    the Court rejects or declines to finally approve the Settlement Agreement; or

(b)    an appellate court reverses the Final Approval Order, and the Settlement Agreement is not reinstated by the Court on remand.

17.02.  Termination if Large Number of Opt–Outs. If, at the conclusion of Opt-Out Deadline, more than 1,000 Class Members have opted-out of the Settlement, the Defendants will have, in their sole and absolute discretion, the option to terminate this Agreement within ten (10) Days after the Opt-Out Deadline.

17.03.  Revert to Status Quo.   If Plaintiff or Defendants terminate this Agreement as provided herein, the Agreement will be of no force and effect, and the Parties' rights and defenses will be restored, without prejudice, to their respective positions as if this Agreement had never been executed, and any orders entered by the Court in connection with this Agreement will be vacated.  Any payments made to the Claims Administrator, however, for services rendered to the date of termination will not be refunded.

## XVIII.  NO ADMISSION OF LIABILITY

18.01.  Defendants and ClearLight deny any liability or wrongdoing of any kind associated with the alleged claims in the Complaint or any subsequent pleading filed by Plaintiff. Nothing herein constitutes an admission by Defendants and/or ClearLight of wrongdoing or liability, or of the truth of any allegations in the Action.

18.02.  Pursuant to Federal Rule of Evidence Rule 408 and any similar provisions under state law, neither this Agreement nor any related documents filed or created in connection with this Agreement will be admissible in evidence in any proceeding, except as necessary to approve, interpret or enforce this Agreement.

## XIX.   TAXES

19.01.  Qualified Settlement Fund. The Parties agree that the account into which the Settlement Fund is deposited is intended to be and will at all times constitute a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1.  The Claims Administrator will make such elections as necessary or advisable to carry out the provisions of Section 13, including, if necessary, the "relation back election" (as defined in Treas. Reg. § 1.468B-1(j)(2)) back to the earliest permitted date. Such elections will be made in compliance with the procedures and requirements contained in such Treasury Regulations promulgated under Section 1.468B of the Internal Revenue Code of 1986, as amended (the "Code"). It is the responsibility of the Claims Administrator to cause the timely and proper preparation and delivery of the necessary documentation for signature by all necessary Parties, and thereafter to cause the appropriate filing to occur.

19.02.  Claims Administrator Is "Administrator".  For the purpose of Section 1.468B of the Code and the Treasury Regulations thereunder, the Claims Administrator will be designated as the "administrator" of the Settlement Fund. The Claims Administrator will cause to be timely and properly filed all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. § 1.468B-2(k)). Such returns will reflect that all Taxes (including any estimated taxes, interest or penalties) on the income earned by the Settlement Fund are to be paid out of the Settlement Fund.

19.03.  Taxes Paid By Administrator. All taxes arising in connection with income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon

16

Defendants or any of the other Released Parties with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes will be paid by the Claims Administrator from the Settlement Fund.

19.04.  <u>Expenses Paid from Fund</u>. Any expenses reasonably incurred by the Claims Administrator in carrying out its duties under this Agreement, including fees of tax attorneys and/or accountants, will be paid by the Claims Administrator from the Settlement Fund.

19.05.  <u>Responsibility for Taxes on Distribution</u>. Any person or entity that receives a distribution from the Settlement Fund will be solely responsible for any taxes or tax-related expenses owed or incurred by that person or entity by reason of that distribution. Such taxes and tax-related expenses will not be paid from the Settlement Fund.

## XX.   MISCELLANEOUS

20.01.  <u>Entire Agreement</u>. This Agreement and the exhibits hereto constitute the entire agreement between the Parties. No representations, warranties or inducements have been made to any of the Parties, other than those representations, warranties, and covenants contained in this Agreement.

20.02.  <u>Governing Law</u>. This Agreement is to be governed by the laws of the State of Missouri without regard to the choice of law provisions thereof.

20.03.  <u>Jurisdiction</u>. The Court shall retain continuing and exclusive jurisdiction over the Parties to this Agreement, including the Plaintiff and all Settlement Class members, for purposes of the administration and enforcement of this Agreement.

20.04.  <u>No Construction Against Drafter</u>. This Agreement was drafted jointly by the Parties and, in construing and interpreting this Agreement, no provision of this Agreement is to be construed or interpreted against any Party based upon the contention that this Agreement or a portion of it was purportedly drafted or prepared by that Party.

20.05.  <u>Resolution of Disputes</u>. The Parties will cooperate in good faith in the administration of this Settlement. Any unresolved dispute regarding the administration of this Agreement is to be decided by the Court.

20.06.  <u>Counterparts</u>. This Agreement may be signed in counterparts, and the separate signature pages executed by the Parties and their counsel may be combined to create a document binding on all of the Parties and together shall constitute one and the same instrument.  A facsimile signature is considered as, and has the same force and effect as, an original signature.

20.07.  <u>Time Periods</u>. The time periods and dates described herein are subject to Court approval and may be modified upon order of the Court or written stipulation of the Parties.

20.08.  <u>Authority</u>. Each person executing this Settlement Agreement on behalf of any of the Parties hereto represents that such person has the authority to so execute this Agreement.

20.09.  No Oral Modifications. This Agreement may not be amended, modified, altered or otherwise changed in any manner, except by a writing signed by a duly-authorized agent of Defendants and Plaintiff, and approved by the Court.

20.10.  Notices. Unless otherwise stated herein, any notice required or provided for under this Agreement must be in writing and may be sent by electronic mail, fax or hand delivery, postage prepaid, as follows:

If to Class Counsel:

Michael L. Greenwald, Esq.
GREENWALD DAVIDSON RADBIL PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
Telephone:  (561) 826-5477
Facsimile:  (561) 961-5684

If to counsel for Defendants and ClearLight:

| | |
|---|---|
| Scott J. Dickenson, Esq. | Mark S. Mester, Esq. |
| LATHROP & GAGE LLP | LATHAM & WATKINS LLP |
| 7701 Forsyth Boulevard, Suite 500 | 330 North Wabash Avenue, Suite 2800 |
| Clayton, MO 63105 | Chicago, IL 60611 |
| Telephone: (314) 613-2800 | Telephone:  (312) 876-7700 |
| Facsimile: (314) 613-2801 | Facsimile:  (312) 993-9767 |

20.11.  No Assignment.  Plaintiff represents and warrants that no portion of any claim, right, demand, action, or cause of action against the Released Persons that Plaintiff has or may have arising out of any allegations made in the Action or pertaining to any of the Released Claims, and no portion of any recovery or settlement to which Plaintiff may be entitled has been assigned, transferred, or conveyed by or for Plaintiff in any manner; and no person or entity other than Plaintiff has any legal or equitable interest in the claims, demands, actions, or causes of action referred to in this Agreement as those of Plaintiff.

20.12.  Stay.  The Parties stipulate to stay all proceedings in the Action until the approval of this Settlement Agreement has been finally determined, except the stay of proceedings shall not prevent the filing of any motions, affidavits, and other matters necessary to obtain and preserve final judicial approval of this Settlement Agreement.

[SIGNATURES ON FOLLOWING PAGE]

IN WITNESS WHEREOF, the Parties and their duly authorized attorneys have caused this Agreement to be executed this 1st day of July, 2015.

SIGNATURES:

_____
John Prater

_____
Representative of Medicredit, Inc.

_____
Michael L. Greenwald
GREENWALD DAVIDSON RADBIL PLLC

Class Counsel

_____
Representative of The Outsource Group, Inc.

_____
Scott J. Dickenson, Esq.
LATHROP & GAGE LLP

Attorney for Defendants

_____
Representative of ClearLight Partners, LLC

_____
Mark S. Mester
LATHAM & WATKINS LLP

Attorney for Intervenor

19

IN WITNESS WHEREOF, the Parties and their duly authorized attorneys have caused this Agreement to be executed this 1st day of July, 2015.

SIGNATURES:

_____
John Prater

_____
Representative of Medicredit, Inc.

_____
Michael L. Greenwald
GREENWALD DAVIDSON RADBIL PLLC

Class Counsel

_____
Representative of The Outsource Group, Inc.

_____
Scott J. Dickenson, Esq.
LATHROP & GAGE LLP

Attorney for Defendants

_____
Representative of ClearLight Partners, LLC

_____
Mark S. Mester
LATHAM & WATKINS LLP

Attorney for Intervenor

IN WITNESS WHEREOF, the Parties and their duly authorized attorneys have caused this Agreement to be executed this 1st day of July, 2015.

SIGNATURES:

_____
John Prater

_____
Representative of Medicredit, Inc.

_____
Michael L. Greenwald
GREENWALD DAVIDSON RADBIL PLLC

Class Counsel

_____
Representative of The Outsource Group, Inc.

_____
Scott J. Dickenson, Esq.
LATHROP & GAGE LLP

Attorney for Defendants

_____
Representative of ClearLight Partners, LLC

_____
Mark S. Mester
LATHAM & WATKINS LLP

Attorney for Intervenor

20

EXHIBIT A

**What is this lawsuit about?** John Prater filed this lawsuit against Medicredit, Inc. and The Outsource Group, Inc. ("Defendants"), alleging that Defendants violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Defendants deny Mr. Prater's allegations, but have agreed to a settlement.

**Why did you receive this notice?** You received this notice because Defendants' records identified you as a member of the following class: All persons and entities throughout the United States (1) to whom Medicredit, Inc. and/or The Outsource Group, Inc. made or caused to be made one or more telephone calls, (2) directed to a number assigned at the time of the call(s) to a cellular telephone service (whether the number was assigned to the person receiving the call or not), (3) by using an automatic telephone dialing system and/or an artificial or prerecorded voice, (4) from January 28, 2010 to July ▨, 2015 and (5) for whom Medicredit, Inc., The Outsource Group, Inc. and/or the Released Parties did not have a valid consent for such call or calls at the time thereof.

**What does the settlement provide?** Defendants will establish a settlement fund in the amount of $6,750,000. Out of the settlement fund, Defendants will pay: (1) Damages to Mr. Prater and the class members; (2) the costs and expenses of administrating the class action settlement, which will be approximately $250,000; (3) an award of attorneys' fees not to exceed one-third of the fund, subject to the Court's approval; (4) costs and expenses incurred by Class Counsel litigating this matter not to exceed $35,000, subject to the Court's approval; and (5) an incentive award to Mr. Prater not to exceed $20,000, subject to the Court's approval.

**What are your legal rights and options?** As a class member, you have four options. First, you may timely complete and return the claim form found on the backside of this postcard, or timely submit a claim online at www.pratertcpasettlement.com, in which case you will receive a pro rata share of the settlement fund after deducting the above-listed expenses. Second, you may do nothing, in which case you will not receive a pro rata share of the settlement fund, but you will release any claim(s) that you have against Defendants related to the claims in this case. Third, you may exclude yourself from the settlement, in which case you will not receive a pro rata share of the settlement fund, but you will not release any claim(s) that you have against Defendants. And fourth, you may object to the settlement.

To obtain additional information regarding the manner in which you may exercise your legal rights and options, please visit www.pratertcpasettlement.com, or contact the settlement administrator by writing to: John Prater v. Medicredit, Inc. and The Outsource Group, Inc.., c/o/ KCC, P.O. Box 30195, College Station, TX 77842-3195 or by calling 866-700-8565.

**When is the final fairness hearing?** The Court will hold a final fairness hearing on [Month] [day], 2015, at [time]. The hearing will take place in United States District Court for the Eastern District of Missouri, Thomas F. Eagleton U.S. Courthouse, 111 South 10th Street, St. Louis, MO 63102. At the final fairness hearing, the Court will consider whether the settlement is fair, reasonable, and adequate and if, so, whether it should be granted final approval. The Court will hear objections to the settlement, if any. The Court may make a decision at that time, postpone a decision, or continue the hearing.

**Front Inside**

---

**Front Outside**

This is a notice of a settlement of a class action lawsuit.
This is **not** a notice of a lawsuit against you.

If you received a call on your cell phone from Medicredit, Inc. or The Outsource Group, Inc. between January 28, 2010 and July ▨, 2015, you may be entitled to compensation as a result of the settlement in the class action lawsuit captioned:

*John Prater v. Medicredit, Inc. and The Outsource Group, Inc.,* No. 4:14-cv-00159 (E.D. Mo.)

A federal court authorized this notice.  This is not a solicitation from a lawyer.

Please read this notice carefully. It summarily explains your rights and options to participate in a class action settlement.

**John Prater v. Medicredit, Inc., et al.**
c/o KCC
P.O. Box 30195
College Station, TX 77842-3195

Permit Info here

*Bar Code To Be Placed Here*

Postal Service: Please do not mark Barcode

**ADDRESS SERVICE REQUESTED**

CLAIM ID: << ID>>
<<Name>>
<<Address>>
<<City>>, <<State>> <<Zip>>

# EXHIBIT B

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

———————————————— x
          :  **Case No.:** 4:14-cv-00159

JOHN PRATER, on behalf of himself and  :
others similarly situated,          :
          :
        Plaintiff,  :
          :
   vs.          :
          :
MEDICREDIT, INC. and THE OUTSOURCE  :
GROUP, INC.,          :
          :
       Defendants.  :
          :
———————————————— x

# PROPOSED CLASS Q & A NOTICE

**This is a notice of a settlement of a class action lawsuit.
This is <u>not</u> a notice of a lawsuit against you.**

**If Medicredit, Inc. or The Outsource Group, Inc. made or caused to be made to you one or more telephone calls, directed to a number assigned at the time of the call(s) to a cellular telephone service, by using an automatic telephone dialing system and/or an artificial or prerecorded voice, between January 28, 2010 through and including July __, 2015, where you had not provided valid consent for such call or calls, you may be entitled to compensation as a result of the settlement in the class action lawsuit captioned:**

*John Prater v. Medicredit, Inc. and The Outsource Group, Inc.*, No. 4:14-cv-00159 (E.D. Mo.)

**A federal court authorized this notice.
This is <u>not</u> a solicitation from a lawyer.**

**Please read this notice carefully.
It explains your rights and options to participate in a class action settlement.**

**What are your legal rights and options?**

| | |
|---|---|
| **SUBMIT A TIMELY CLAIM FORM:** | If you submit a timely claim form you will receive a *pro rata* share of the $6.75 million settlement fund after expenses are deducted. |
| **DO NOTHING:** | If you do nothing, you will <u>not</u> receive a *pro rata* share of the settlement fund, but you will release claims you may have against Defendants and certain other parties related to this case. |
| **EXCLUDE YOURSELF:** | If you exclude yourself from the settlement, you will <u>not</u> receive a *pro rata* share of the settlement fund, but you will <u>not</u> release any claim you have against Defendants. |
| **OBJECT:** | You may object to the settlement. |

**Why did you get this notice?**

This is a notice of a proposed settlement in a class action lawsuit. The settlement would resolve the lawsuit, which John Prater ("Mr. Prater") filed against Medicredit, Inc. and The Outsource Group, Inc. Please read this notice carefully. It explains the lawsuit, the settlement, and your legal rights, including the process for receiving a settlement check, excluding yourself from the settlement, or objecting to the settlement.

**What is this lawsuit about?**

Mr. Prater filed this lawsuit against Medicredit, Inc. and The Outsource Group, Inc. (collectively, "Defendants"), alleging that Defendants violated the Telephone Consumer

Protection Act ("TCPA"), 47 U.S.C. § 227, when calling consumers on their cellular telephones, via an automatic telephone dialing system or an artificial or prerecorded voice, without their consent. Defendants deny Mr. Prater's allegations, but have agreed to the settlement.

### Why is this a class action?

In a class action, one or more people called "class representatives" file a lawsuit on behalf of people who have similar claims. All of these people together are a "class" or "class members." The Court accordingly resolves claims for all class members, except for those who exclude themselves from the class.

### Why is there a settlement?

Mr. Prater, on the one hand, and Defendants, on the other, have agreed to settle the lawsuit to avoid the time, risk, and expense associated with it, and to achieve a final resolution of the disputed claims. Under the settlement, class members will obtain a payment in settlement of the TCPA claims that Mr. Prater raises in the lawsuit. Mr. Prater and his attorneys think the settlement is best for all class members.

### How do you know if your claims are included in the settlement?

You received this notice because Defendants' records identified you as a potential class member. This means you appear to fit the description of the class that the Court certified for settlement purposes:

All persons and entities throughout the United States (1) to whom Medicredit, Inc. and/or The Outsource Group, Inc. made or caused to be made one or more telephone calls, (2) directed to a number assigned at the time of the call(s) to a cellular telephone service (whether the number was assigned to the person receiving the call or not), (3) by using an automatic telephone dialing system and/or an artificial or prerecorded voice, (4) from January 28, 2010 to July __, 2015, and (5) for whom Medicredit, Inc., The Outsource Group, Inc. and/or the Released Parties did not have a valid consent for such call or calls at the time thereof.

### What does the settlement provide?

Defendants will establish a settlement fund in the amount of $6,750,000. Out of the settlement fund, Defendants will pay:

a.     Damages to Mr. Prater and the class members;

b.     The costs and expenses of administrating the class action settlement;

c.     An award of attorneys' fees, subject to the Court's approval;

d.     Costs and expenses incurred litigating this matter, subject to the Court's approval; and

       e.        An incentive award to Mr. Prater, subject to the Court's approval.

Each class member who submits a timely and valid claim form will be entitled, subject to the provisions of the settlement agreement, to his or her *pro rata* share of the settlement fund as it exists after deducting:

       a.        Costs and expenses of administrating the class action settlement;

       b.        Attorneys' fees in an amount not to exceed one-third of the settlement fund, subject to the Court's approval;

       c.        Costs and expenses not to exceed $35,000, subject to the Court's approval; and

       d.        Mr. Prater's incentive award, not to exceed $20,000, subject to the Court's approval.

### How can you get a payment?

You must mail a valid claim form to the Prater v. Medicredit Settlement Administrator, P.O. Box 30195, College Station, TX 77842-3195 postmarked by [date], 2015. Or you must submit a valid claim through www.pratertcpasettlement.com by [date], 2015.

### When will you be paid?

If the Court grants final approval of the settlement, settlement checks will be mailed to class members who timely mailed or submitted valid claim forms no later than __ days after the judgment in the lawsuit becomes final. If there is an appeal of the settlement, payment may be delayed.

### What rights are you giving up in this settlement?

Unless you exclude yourself from the settlement, you will be considered a member of the class, which means you give up your right to sue or continue a lawsuit against Defendants and certain other parties over the released claims. Giving up your legal claims is called a release. Unless you formally exclude yourself from the settlement, you will release your claims against Defendants and certain other parties.

For more information on the release, released parties, and released claims, you may obtain a copy of the class action settlement agreement from the Clerk of the United States District Court for the Eastern District of Missouri, or on the settlement website, www.pratertcpasettlement.com.

### How can you exclude yourself from the settlement?

You may exclude yourself from the settlement, in which case you will <u>not</u> receive a payment. If you wish to exclude yourself from the settlement, you must mail a written request for exclusion to the claims administrator, at the addresses set forth below, postmarked by [DATE], 2015. You must include in your request for exclusion your:

      a.      Full name;

      b.      Address;

      c.      Telephone number demonstrating that you are a member of the Class; and

      d.      A statement that you wish to be excluded from the settlement.

You must sign the request personally. If any person signs on your behalf, that person must attach a copy of the power of attorney authorizing that signature.

### When and where will the Court decide whether to approve the settlement?

The Court will hold a final fairness hearing on **[date]**, at **[time]**. The hearing will take place in United States District Court for the Eastern District of Missouri, Thomas F. Eagleton U.S. Courthouse, located at 111 South 10th Street, St. Louis, MO 63102. At the final fairness hearing, the Court will consider whether the settlement is fair, reasonable, and adequate and, if so, whether final approval of the settlement should be granted. The Court will hear objections to the settlement, if any. The Court may make a decision at that time, postpone a decision, or continue the hearing.

### Do you have to attend the hearing?

No. You are not required to attend the hearing. But you are welcome to attend the hearing at your own expense. You cannot speak at the hearing if you have excluded yourself from the class settlement. Once you have excluded yourself, the class settlement does not affect your legal rights.

### What if you want to object to the settlement?

If you do not exclude yourself from the settlement, you can object to the settlement if you do not believe it is fair, reasonable, and adequate. If you wish to object, you must mail a written notice of objection to Mr. Prater's attorneys, Defendants' attorneys, and to the Court, at the addresses set forth below, postmarked by **[date]**, **2015**. You must include in your request for exclusion your:

      a.      Full name;

      b.      Address;

      c.      Telephone number called by Defendants to demonstrate that you are a member of the Class;

      d.      A statement of the objection;

      e.      A detailed description of the facts underlying the objection;

      f.      A detailed description of the legal authorities that support each objection;

g.      A statement noting whether the Class Member intends to appear at the fairness hearing;

h.      A list of all witnesses that the Class Member intends to call by live testimony, deposition testimony, or affidavit or declaration testimony, and

i.      A list of exhibits that the Class Member intends to present at the Final Fairness Hearing.

### By when must you enter an appearance?

Any class member who objects to the settlement must enter an appearance and must do so by **[date], 2015**. To enter an appearance, you must file with the Clerk of the Court a written notice of your appearance and you must serve a copy of that notice, by certified mail or hand-delivery, upon Mr. Prater's attorneys and Defendants' attorneys, at the addresses set forth below.

### What if you do nothing?

If you do nothing and the Court approves the settlement agreement, you will not receive a pro rata share of the settlement fund, but you will release any claim you have against the Defendants and certain other parties related to the allegations in this case. Unless you exclude yourself from the settlement, you will not be able to sue or continue a lawsuit against Defendants and certain other parties over the released claims.

### What will happen if the Court does not approve the settlement?

If the Court does not finally approve the settlement or if it finally approves the settlement and the approval is reversed on appeal or if the settlement does not become final for some other reason, you will receive no benefits and the lawsuit will continue.

### Who are Mr. Prater's attorneys?

Mr. Prater's attorneys are:

Michael L. Greenwald
James L. Davidson
Aaron D. Radbil
GREENWALD DAVIDSON RADBIL PLLC
5550 Glades Rd., Suite 500
Boca Raton, FL 33431

The Court has appointed Mr. Prater's attorneys to act as class counsel. You do not have to pay Mr. Prater's attorneys. If you want to be represented by your own lawyer, and have that lawyer appear in Court for you in this case, you must hire one at your own expense.

### Who are the other attorneys?

Defendants' attorneys are:

> Scott J. Dickenson
> LATHROP & GAGE LLP
> 7701 Forsyth Blvd., Suite 500
> Clayton, MO 63105

Intervenor ClearLight Partners LLC's attorneys are:

> Mark S. Mester
> LATHAM & WATKINS LLP
> 330 North Wabash Avenue, Suite 2800
> Chicago, Illinois 60611

### Before what Court is this matter pending?

Mr. Prater filed his class action lawsuit in the following Court:

> United States District Court for the Eastern District of Missouri
> Thomas F. Eagleton U.S. Courthouse
> 111 South 10th Street
> St. Louis, MO  63102

### Where can you get additional information?

This notice is only a summary of the settlement. All documents filed with the Court, including the full class action settlement agreement, may be reviewed or copied at the United States District Court for the Eastern District of Missouri. In addition, pertinent case materials are available at the settlement web site, www.pratertcpasettlement.com.

If you would like additional information about this matter, please contact:

### Prater v. Medicredit Settlement Administrator
### P.O. Box 30195
### College Station, TX 77842-3195

### Telephone: 866-700-8565

Please do not call the judge about this case. Neither the judge, nor the Clerk of Court, will be able to give you advice about this case. Furthermore, neither Defendants nor Defendants' attorneys represent you, and they cannot give you legal advice.

EXHIBIT C

Carefully separate at perforation

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI**

**John Prater v. Medicredit, Inc. and The Outsource Group, Inc.
Case No. 4:14-cv-00159 (E.D. Mo.)**

**CLAIM FORM**

[admin] ID: «[Admin] ID»                    Name/Address Changes:
«First Name» «Last Name»
«Address1»
«City», «State» «Zip»

I certify that I received one or more telephone calls on a cellular telephone from January 28, 2010 through July __, 2015
from Medicredit, Inc. and/or The Outsource Group, Inc. and I did not consent to receiving any such calls.

**IF YOU MOVE, send your CHANGE OF ADDRESS to the
Settlement Administrator at the address on the backside of this form.**

Signature: _____        Telephone: _____

Date: _____

**To Receive A Payment You Must Enter All Requested Information Above, Sign
And Mail This Claim Form, Postmarked On Or Before [Month] [day], 2015.**
Or you may visit the settlement website, www.pratertcpasettlement.com

**To exclude yourself from the class action settlement you must mail a written request for
exclusion to the Claims Administrator, postmarked on or before [Month] [day], 2015.
Your request must include the information required by the Court's [month] [day], 2015 Order.**

**Bottom Inside**

---

**Bottom Outside**

Please Affix
Postage Here

*Bar Code To Be Placed Here*

Postal Service: Please do not mark Barcode

**Prater v. Medicredit Settlement Administrator
P.O. Box 30195
College Station, TX 77842-3195**

# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| ─────────────────────────── x | |
| : | **Case No.:** 4:14-cv-00159 |
| JOHN PRATER, on behalf of himself and : | |
| others similarly situated, : | |
| : | |
| Plaintiff, : | |
| : | |
| vs. : | |
| : | |
| MEDICREDIT, INC. and THE OUTSOURCE : | |
| GROUP, INC., : | |
| : | |
| Defendants. : | |
| ─────────────────────────── x | |

**ORDER PRELIMINARILY APPROVING CLASS SETTLEMENT**

The Court has been advised that the parties to this action, John Prater (hereinafter referred

to as "Plaintiff" or "Class Representative"), Medicredit, Inc. and The Outsource Group, Inc.

(hereinafter referred to as "Defendants"), and Intervenor ClearLight Partners, LLC, through their

respective counsel, have agreed, subject to Court approval following notice to the Class Members

and a hearing, to settle the above-captioned lawsuit upon the terms and conditions set forth in the

Class Action Settlement Agreement (hereinafter referred to as the "Settlement Agreement"), which

has been filed with the Court, and the Court deeming that the definitions set forth in the Settlement

Agreement are hereby incorporated by reference herein (with capitalized terms as set forth in the

Settlement Agreement);

NOW, THEREFORE, based upon the Settlement Agreement and all of the files, records,

and proceedings herein, and it appearing to the Court that, upon preliminary examination, the

proposed settlement appears fair, reasonable, and adequate, and that a hearing should and will be

held on _____, **2015**, after Notice to the Class Members, to confirm that the proposed

settlement is fair, reasonable, and adequate, and to determine whether a final order and judgment should be entered in this Lawsuit:

IT IS HEREBY ORDERED:

1.      The Court has jurisdiction over the subject matter of the action and over all settling parties hereto.

2.      In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, and 1711-1715, Defendants served written Notice of the proposed class settlement on the United States Attorney General and the Attorneys General of each state.

3.      **CLASS MEMBERS** – Pursuant to Fed. R. Civ. P. 23(b)(3), this action is hereby preliminarily certified, for settlement purposes only, as a class action on behalf of the following class of plaintiffs (referred to as the "Class Members") with respect to the claims asserted in this action:

> All persons and entities throughout the United States (1) to whom Medicredit, Inc. and/or The Outsource Group, Inc. made or caused to be made one or more telephone calls, (2) directed to a number assigned at the time of the call(s) to a cellular telephone service (whether the number was assigned to the person receiving the call or not), (3) by using an automatic telephone dialing system and/or an artificial or prerecorded voice, (4) from January 28, 2010 through and including the date of the Preliminary Approval Order, and (5) for whom Medicredit, Inc., The Outsource Group, Inc. and/or the Released Parties did not have a valid consent for such call or calls at the time thereof.

4.      **CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT** – Pursuant to Fed. R. Civ. P. 23, the Court preliminarily appoints John Prater as the Class Representative and Michael L. Greenwald, James L. Davidson, and Aaron D. Radbil of Greenwald Davidson Radbil PLLC as Class Counsel.  *See Jones v. I.Q. Data Int'l, Inc.*, Case 1:14-cv-00130-PJK-GBW, 2015 WL 2088969, at *2 (D.N.M. Apr. 21, 2015) (appointing Greenwald Davidson Radbil PLLC as class counsel in TCPA class action); *Ritchie v. Van Ru Credit Corp.*, No. 2:12-CV-01714-PHX-SM, 2014 WL 3955268, at *2 (D. Ariz. Aug. 13, 2014) (same); *see also Rhodes*

2

*v. Olson Associates, P.C. d/b/a Olson Shaner*, --- F. Supp. 3d ----, 2015 WL 1136176, at *14 (D. Colo. Mar. 13, 2015) (appointing Greenwald Davidson Radbil as class counsel); *Roundtree v. Bush Ross, P.A.*, 304 F.R.D 644, 661 (M.D. Fla. 2015) (same); *Esposito v. Deatrick & Spies, P.S.C.*, No. 7:13-CV-1416 GLS/TWD, 2015 WL 390392, at *2 (N.D.N.Y. Jan. 28, 2015) (same); *Green v. Dressman Benzinger Lavelle, PSC*, No. 1:14-CV-00142-SJD, 2015 WL 223764, at *2 (S.D. Ohio Jan. 16, 2015) (same); *Donnelly v. EquityExperts.org, LLC*, No. 4:13-CV-10017-TGB, 2015 WL 249522, at *2 (E.D. Mich. Jan. 14, 2015) (same).

5.     **PRELIMINARY CLASS CERTIFICATION** – The Court preliminarily finds that this action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

    A.     The Class Members are so numerous and geographically dispersed that joinder of all of them is impracticable;

    B.     There are questions of law and fact common to the Class Members, which predominate over any individual questions;

    C.     The claims of the Plaintiff are typical of the claims of the Class Members;

    D.     The Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

    E.     Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

*See St. Louis Heart Center, Inc. v. Vein Centers for Excellence, Inc.*, No. 4:12 CV 174 CDP, 2013 WL 6498245 (E.D. Mo. Dec. 11, 2013).

6.      The Court preliminarily finds that the settlement of this action, on the terms and conditions set forth in the Settlement Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strengths and weaknesses of the Plaintiff's case, including the defenses asserted by Defendants; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; and the risk of collecting any judgment obtained on behalf of the class. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 931 (8th Cir. 2005) (setting forth factors to determine whether settlement is fair, reasonable, and adequate).

7.      **ADMINISTRATION** – A third party class administrator acceptable to the parties will administer the settlement and notification to Class Members.  The class administrator will be responsible for mailing the approved class action notice and settlement checks to the Class Members who can be identified through reasonable efforts. All costs of administration will be paid out of the Settlement Fund.  Upon the recommendation of the parties, the Court hereby appoints the following class administrator: KCC Class Action Services, LLC, P.O. Box 6191, Novato, CA 94948.

8.      **WRITTEN NOTICE** – The Court approves the form and substance of the postcard notice and Question & Answer Notice, attached to the Settlement Agreement as Exhibits A and B. The proposed form and method for notifying the Class Members of the settlement and its terms and conditions meet the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all persons and entities entitled to the notice.  The Court finds that the proposed notice is clearly designed to advise the Class Members of their rights.  In accordance with the Settlement Agreement, the class administrator will cause the postcard notice to be mailed to the Class

4

Members as expeditiously as possible, but in no event later than 30 days after the Court's entry of this order, *i.e.*, **no later than _____, 2015**.  The class administrator will confirm, and if necessary, update the addresses for the Class Members through standard methodology that the class administrator uses to update addresses.  In addition, the Question & Answer Notice, and relevant pleadings, will be made available to Class Members through a dedicated web site.

      9.     <u>**EXCLUSIONS**</u> – Any Class Member who desires to be excluded from the class must send a written request for exclusion to the class administrator with a postmark date no later than 100 days after the Court's entry of this order, i.e., **no later than _____, 2015**.  To be effective, the written request for exclusion must state the Class Member's full name, address, telephone number, and email address (if available), along with a statement that the Class Member wishes to be excluded.  Any Class Member who submits a valid and timely request for exclusion shall not be bound by the terms of the Settlement Agreement.

      10.     <u>**OBJECTIONS**</u> – Any Class Member who intends to object to the fairness of this settlement must file a written objection with the Court within 100 days after the Court's entry of this order, *i.e.*, **no later than _____, 2015**.  Further, any such Class Member must, within the same time period, provide a copy of the written objection to Class Counsel, Attention:  Prater v. Medicredit, Inc. Settlement, Greenwald Davidson Radbil PLLC, 5550 Glades Road, Suite 500, Boca Raton, FL 33431; Counsel for Defendants, Attention: Prater v. Medicredit, Inc. Settlement, Lathrop & Gage LLP, 7701 Forsyth Blvd., Suite 500, Clayton, MO 63105; and Counsel for Intervenor, Attention:  Mark S. Mester, Latham & Watkins LLP, 330 North Wabash Avenue, Suite 2800, Chicago, Illinois 60611.

      11.     To be effective, a notice of intent to object to the proposed settlement must:

          A.     Contain a heading which includes the name of the case and case number;

B.      Provide the name, address, telephone number and signature of the Class Member filing the objection;

C.      Provide evidence demonstrating that the Class Member is indeed a member of the Class;

D.      Be filed with the Clerk of the Court no later than 100 days after the Court preliminarily approves the settlement;

E.      Be sent to Class Counsel, Defendants and Intervenor at the addresses designated in the Notice by first-class mail, postmarked no later than 100 days after the Court preliminarily approves the settlement;

F.      Contain the name, address, bar number and telephone number of the objecting Class Member's counsel, if represented by an attorney. If the Class Member is represented by an attorney, he/she must comply with all applicable laws and rules for filing pleadings and documents in the U.S. District Court for the Eastern District of Missouri.

G.      Contain a detailed statement of the specific legal and factual basis for each and every objection; and

H.      Contain a list of any legal authority the objector will present at the settlement approval hearing.

12.     Any Class Member who has timely filed an objection must appear at the settlement approval hearing, in person or by counsel, and be heard to the extent allowed by the Court, applying applicable law, in opposition to the fairness, reasonableness and adequacy of the proposed settlement, and on the application for an award of attorneys' fees and costs.  The right to object to the proposed settlement must be exercised individually by an individual Class Member, not as a

member of a group or subclass and, except in the case of a deceased, minor, or incapacitated Class Member, not by the act of another person acting or purporting to act in a representative capacity.

13.    The Court orders that any member of the Settlement Class who does not submit a timely, written request for exclusion from the Settlement Class (*i.e.*, becomes an Opt Out) will be bound by all proceedings, orders and judgments in this litigation, even if such member of the Settlement Class has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Release.

14.    **SETTLEMENT PAYMENTS** – The class administrator will mail a settlement check to each Class Member who submits a timely claim form and does not exclude himself or herself from the class.  The settlement checks to the class members shall be sent via U.S. mail no later than 60 days after the judgment in this case becomes final.

15.    **CLASS REPRESENTATIVE AWARD TO JOHN PRATER** – John Prater will petition the Court to receive the sum of $20,000 as acknowledgement of his role in prosecuting this case on behalf of the Class Members.

16.    **INJUNCTION** – Pending determination of whether final approval of the Settlement Agreement should be granted, the Court enjoins Plaintiff and all members of the Settlement Class unless and until they have timely excluded themselves from (a) filing, commencing, prosecuting, intervening in or participating as a plaintiff, claimant or class member in any other lawsuit, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action and/or the facts and circumstances giving rise to the Litigation and/or the Released Claims, (b) filing, commencing or prosecuting a lawsuit, arbitration or other proceeding as a class action on behalf of any members of the Settlement Class who have not timely excluded themselves (including by seeking to amend a pending Complaint to include

7

class allegations or seeking class certification in a pending action), based on, relating to or arising out of the claims and causes of action and/or the facts and circumstances giving rise to the Litigation and/or the Released Claims and (c) attempting to effect Opt Outs of a class of individuals in any lawsuit or arbitration proceeding based on, relating to or arising out of the claims and causes of action and/or the facts and circumstances giving rise to the Litigation and/or the Released Claims, except that Settlement Class Members are not precluded from participating in any investigation or suit initiated by a state or federal agency.

17.     **FINAL APPROVAL** – The Court will conduct a hearing (hereinafter referred to as the "final approval hearing") on _____, **2015** at United States District Court for the Eastern District of Missouri, Thomas F. Eagleton U.S. Courthouse, 111 South 10th Street, St. Louis, MO 63102, to review and rule upon the following issues:

A.      Whether this action satisfies the applicable requirements for class action treatment for settlement purposes under Fed. R. Civ. P. 23;

B.      Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court;

C.      Whether the final order and judgment, as provided under the Settlement Agreement, should be entered, dismissing this action with prejudice and releasing the Released Claims against the Released Parties; and

D.      To discuss and review other issues as the Court deems appropriate.

18.     Attendance at the Final Approval Hearing is not necessary.  Class Members need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement.  Class Members wishing to be heard are, however, required to appear at the final

approval hearing.  The final approval hearing may be postponed, adjourned, transferred, or continued without further notice to the Class Members.

19.     Submissions by the Parties, including memoranda in support of the proposed settlement, responses to any objections, petitions for attorney's fees and reimbursement of costs and expenses by Class Counsel, shall be filed with the Court no later than 21 days prior to the final approval hearing, *i.e.*, **no later than _____**.

20.     The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Settlement Agreement.

21.     The Court sets the following schedule:

| **Date** | **Event** |
|---|---|
| | Preliminary Approval Order Entered |
| | Notice Sent |
| | Deadline to Send Exclusion or File Objection |
| | Motion for Final Approval and Attorney Fees Papers Filed |
| | Final Approval Hearing Held |

IT IS SO ORDERED.


Dated: _____, 2015.     _____
                                                The Honorable E. Richard Webber
                                                Senior United States District Court Judge

EXHIBIT E

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

---

|  |  |
|---|---|
| | x |
| | :   Case No.: 4:14-cv-00159 |
| JOHN PRATER, on behalf of himself and | : |
| others similarly situated, | : |
| | : |
| Plaintiff, | : |
| | : |
| vs. | : |
| | : |
| MEDICREDIT, INC. and THE OUTSOURCE | : |
| GROUP, INC., | : |
| | : |
| Defendants. | : |
| | : |
| | x |

**FINAL ORDER AND JUDGMENT**

On January 28, 2014, John Prater ("Plaintiff") filed a class action complaint (hereinafter

referred to as the "Lawsuit") against Medicredit, Inc. and The Outsource Group, Inc. (collectively,

"Defendants") in the United States District Court for the Eastern District of Missouri, Case No.

4:14-cv-00159, asserting class claims under the Telephone Consumer Protection Act (hereinafter

referred to as the "TCPA"), 47 U.S.C. § 227, *et seq*.

Defendants and Intervenor ClearLight Partners LLC ("Intervenor") have denied any and

all liability alleged in the Lawsuit.

On July 1, 2015, after extensive arms-length negotiations, Plaintiff, Defendants and

Intervenor (hereinafter jointly referred to as the "Parties") entered into a Class Action Settlement

Agreement (hereinafter referred to as the "Settlement Agreement"), which is subject to review

under Fed. R. Civ. P. 23.

On July 1, 2015, the Parties filed the Settlement Agreement, along with Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement (the "Preliminary Approval Motion").

In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(D), 1453, and 1711-1715, Defendants served written notice of the proposed class settlement on the United States Attorney General and the Attorneys General of all 50 states.

On _____, 2015, upon consideration of Plaintiff's Preliminary Approval Motion and the record, the Court entered an Order of Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Order").  Pursuant to the Preliminary Approval Order, the Court, among other things, (i) preliminarily certified (for settlement purposes only) a class of plaintiffs (hereinafter referred to as the "Class Members") with respect to the claims asserted in the Lawsuit; (ii) preliminarily approved the proposed settlement; (iii) appointed John Prater as the Class Representative; (iv) appointed Michael L. Greenwald, James L. Davidson, and Aaron D. Radbil of Greenwald Davidson Radbil PLLC as Class Counsel; and, (v) set the date and time of the Settlement Approval Hearing.

On _____, the Plaintiff filed his Unopposed Motion for Final Approval of Class Action Settlement (the "Final Approval Motion").

On _____, a Final Approval Hearing was held pursuant to Fed. R. Civ. P. 23 to determine whether the Settlement Class satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court.

The Parties now request final certification of the settlement class under Fed. R. Civ. P. 23 (b)(3) and final approval of the proposed class action settlement.

The Court has read and considered the Settlement Agreement, Motion for Final Approval, and record.  All capitalized terms used herein have the meanings defined herein and/or in the Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

2.      **CLASS MEMBERS** – Pursuant to Fed. R. Civ. P. 23(b)(3), the Lawsuit is hereby certified, for settlement purposes only, as a class action on behalf of the following Class Members with respect to the claims asserted in the Lawsuit:

> All persons and entities throughout the United States (1) to whom Medicredit, Inc. and/or The Outsource Group, Inc. made or caused to be made one or more telephone calls, (2) directed to a number assigned at the time of the call(s) to a cellular telephone service (whether the number was assigned to the person receiving the call or not), (3) by using an automatic telephone dialing system and/or an artificial or prerecorded voice, (4) from January 28, 2010 to July __, 2015 and (5) for whom Medicredit, Inc., The Outsource Group, Inc. and/or the Released Parties did not have a valid consent for such call or calls at the time thereof.

3.      **CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT** – Pursuant to Fed. R. Civ. P. 23, the Court certifies Plaintiff John Prater as the Class Representative and Michael L. Greenwald, James L. Davidson, and Aaron D. Radbil of Greenwald Davidson Radbil PLLC as Class Counsel.

4.      **NOTICES AND CLAIM FORMS** – Pursuant to the Court's Preliminary Approval Order, the approved class action notices were mailed.  The form and method for notifying the Class Members of the settlement and its terms and conditions was in conformity with this Court's Preliminary Approval Order and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. The Court finds that the notice was clearly designed to advise Class Members of their rights.

3

5.    **FINAL CLASS CERTIFICATION** – The Court finds that the Settlement Class

satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

A.    The Class Members are so numerous that joinder of all of them in the Lawsuit is

impracticable;

B.    There are questions of law and fact common to the Class Members, which

predominate over any individual questions;

C.    The claims of the Plaintiff are typical of the claims of the Class Members;

D.    The Plaintiff and Class Counsel have fairly and adequately represented and

protected the interests of all of the Class Members; and

E.    Class treatment of these claims will be efficient and manageable, thereby achieving

an appreciable measure of judicial economy, and a class action is superior to other

available methods for a fair and efficient adjudication of this controversy.

*See St. Louis Heart Center, Inc. v. Vein Centers for Excellence, Inc.*, No. 4:12 CV 174 CDP, 2013

WL 6498245 (E.D. Mo. Dec. 11, 2013).

6.    The Court finds that the settlement of this action, on the terms and conditions set

forth in the Settlement Agreement is in all respects fundamentally fair, reasonable, adequate, and

in the best interest of the Class Members, especially in light of the benefits to the Class Members;

the strengths and weaknesses of the Plaintiff's case, including the defenses asserted by Defendants;

the complexity, expense, and probable duration of further litigation; the risk and delay inherent in

possible appeals; and the risk of collecting any judgment obtained on behalf of the class.  *See In

re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 931 (8th Cir. 2005) (setting forth

factors to determine whether settlement is fair, reasonable, and adequate).

4

7.    **SETTLEMENT TERMS** – The Settlement Agreement, which is attached hereto as **Exhibit A** and shall be deemed incorporated herein, and the proposed settlement are finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court.  The material terms of the Settlement Agreement include, but are not limited to, the following:

A.    Settlement Fund – Defendants will establish a $6,750,000 Settlement Fund (the "Fund").

B.    Deductions - The following are to be deducted from the Fund before any other distributions are made:

a.    The costs and expenses for the administration of the settlement and class notice, including expenses necessary to identify class members;

b.    Plaintiff's attorneys' fees, in the amount of one-third of the fund, and the reimbursement of Class Counsel's litigation costs and expenses, in the amount of $_____; and

c.    The Incentive Payment to John Prater.  John Prater shall receive the sum of $20,000 as acknowledgment of his role in prosecuting this case on behalf of the Class Members.

C.    Settlement Payment to Class Members - Each Class Member who has submitted a valid and timely claim form with a postmark date no later than 75 days after the Court's entry of the Order of Preliminary Approval of Class Action Settlement shall receive the amounts specified in the Settlement Agreement.  Each settlement check will be void one-hundred eighty (180) days after issuance.

8.    **OBJECTIONS AND EXCLUSIONS** – The Class Members were given an opportunity to object to the settlement.  **[Number]** Class Member(s) objected to the settlement.

5

**[Number]** Class Member(s) made a valid and timely request for exclusion and are excluded from the class and settlement and are not bound by this order.  The identity of such persons are: _____.

9.      This Order is binding on all Class Members, except those identified above who validly and timely excluded themselves from the class.

10.      **RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT** – The Class Representative, Class Members, and their successors and assigns are permanently barred from pursuing, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Settlement Agreement.  Pursuant to the release contained in the Settlement Agreement, the Released Claims are compromised, settled, released, and discharged, by virtue of these proceedings and this order.

11.      **INJUNCTION** – This Final Order and Judgment bars and permanently enjoins Plaintiff and all members of the Settlement Class who have not been properly excluded from the Settlement Class from (a) filing, commencing, prosecuting, intervening in or participating as a plaintiff, claimant or class member in any other lawsuit, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action and/or the facts and circumstances giving rise to the Litigation and/or the Released Claims, (b) filing, commencing or prosecuting a lawsuit, arbitration or other proceeding as a class action on behalf of any members of the Settlement Class who have not timely excluded themselves (including by seeking to amend a pending Complaint to include class allegations or seeking class certification in a pending action), based on, relating to or arising out of the claims and causes of action and/or the fact and circumstances giving rise to this Litigation and/or the Released Claims and (c) attempting to effect Opt Outs of a class of individuals in any lawsuit or arbitration proceeding based on, relating to or

arising out of the claims and causes of action and/or the facts and circumstances giving rise to this Litigation and/or the Released Claims, except that Settlement Class Members are not precluded from participating in any investigation or suit initiated by a state or federal agency.

12.    The Lawsuit is hereby dismissed with prejudice in all respects.

13.    This Order is not, and shall not be construed as, an admission by Defendants of any liability or wrongdoing in this or in any other proceeding.

14.    The Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Lawsuit and/or Settlement Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order, including the award of attorneys' fees, costs, disbursements, and expenses to Class Counsel.

15.    Class Counsel's request for an award of attorneys' fees of one-third of the Settlement Fund is approved.

16.    Class Counsel's request for reimbursement of reasonable litigation costs and expenses in the amount of $_____ is approved.

17.    Plaintiff's request for an incentive award of $20,000 is approved.

IT IS SO ORDERED.

Dated: _____, 2015.


_____
The Honorable E. Richard Webber
Senior United States District Court Judge