## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

———————————————————————— x

JOHN PRATER, on behalf of himself and    :    **Case No.:** 4:14-cv-00159
others similarly situated,

            Plaintiff,

vs.

MEDICREDIT, INC. and THE OUTSOURCE
GROUP, INC.,

            Defendants.

———————————————————————— x

### ORDER PRELIMINARILY APPROVING CLASS SETTLEMENT

The Court has been advised that the parties to this action, John Prater (hereinafter referred to as "Plaintiff" or "Class Representative"), Medicredit, Inc. and The Outsource Group, Inc. (hereinafter referred to as "Defendants"), and Intervenor ClearLight Partners, LLC, through their respective counsel, have agreed, subject to Court approval following notice to the Class Members and a hearing, to settle the above-captioned lawsuit upon the terms and conditions set forth in the Class Action Settlement Agreement (hereinafter referred to as the "Settlement Agreement"), which has been filed with the Court, and the Court deeming that the definitions set forth in the Settlement Agreement are hereby incorporated by reference herein (with capitalized terms as set forth in the Settlement Agreement);

NOW, THEREFORE, based upon the Settlement Agreement and all of the files, records, and proceedings herein, and it appearing to the Court that, upon preliminary examination, the proposed settlement appears fair, reasonable, and adequate, and that a hearing should and will be held on **December 7, 2015**, after Notice to the Class Members, to confirm that the proposed

1

settlement is fair, reasonable, and adequate, and to determine whether a final order and judgment should be entered in this Lawsuit:

IT IS HEREBY ORDERED:

1.      The Court has jurisdiction over the subject matter of the action and over all settling parties hereto.

2.      In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, and 1711-1715, Defendants served written Notice of the proposed class settlement on the United States Attorney General and the Attorneys General of each state.

3.      **CLASS MEMBERS** – Pursuant to Fed. R. Civ. P. 23(b)(3), this action is hereby preliminarily certified, for settlement purposes only, as a class action on behalf of the following class of plaintiffs (referred to as the "Class Members") with respect to the claims asserted in this action:

> All persons and entities throughout the United States (1) to whom Medicredit, Inc. and/or The Outsource Group, Inc. made or caused to be made one or more telephone calls, (2) directed to a number assigned at the time of the call(s) to a cellular telephone service (whether the number was assigned to the person receiving the call or not), (3) by using an automatic telephone dialing system and/or an artificial or prerecorded voice, (4) from January 28, 2010 through and including the date of the Preliminary Approval Order, and (5) for whom Medicredit, Inc., The Outsource Group, Inc. and/or the Released Parties did not have a valid consent for such call or calls at the time thereof.

4.      **CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT** –

Pursuant to Fed. R. Civ. P. 23, the Court preliminarily appoints John Prater as the Class Representative and Michael L. Greenwald, James L. Davidson, and Aaron D. Radbil of Greenwald Davidson Radbil PLLC as Class Counsel. *See Jones v. I.Q. Data Int'l, Inc.*, Case 1:14-cv-00130-PJK-GBW, 2015 WL 2088969, at *2 (D.N.M. Apr. 21, 2015) (appointing Greenwald Davidson Radbil PLLC as class counsel in TCPA class action); *Ritchie v. Van Ru Credit Corp.*, No. 2:12-CV-01714-PHX-SM, 2014 WL 3955268, at *2 (D. Ariz. Aug. 13, 2014)

2

(same); *see also Rhodes v. Olson Associates, P.C. d/b/a Olson Shaner*, --- F. Supp. 3d ----, 2015 WL 1136176, at *14 (D. Colo. Mar. 13, 2015) (appointing Greenwald Davidson Radbil as class counsel); *Roundtree v. Bush Ross, P.A.*, 304 F.R.D 644, 661 (M.D. Fla. 2015) (same); *Esposito v. Deatrick & Spies, P.S.C.*, No. 7:13-CV-1416 GLS/TWD, 2015 WL 390392, at *2 (N.D.N.Y. Jan. 28, 2015) (same); *Green v. Dressman Benzinger Lavelle, PSC*, No. 1:14-CV-00142-SJD, 2015 WL 223764, at *2 (S.D. Ohio Jan. 16, 2015) (same); *Donnelly v. EquityExperts.org, LLC*, No. 4:13-CV-10017-TGB, 2015 WL 249522, at *2 (E.D. Mich. Jan. 14, 2015) (same).

5.    **PRELIMINARY CLASS CERTIFICATION** – The Court preliminarily finds that this action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

A.    The Class Members are so numerous and geographically dispersed that joinder of all of them is impracticable;

B.    There are questions of law and fact common to the Class Members, which predominate over any individual questions;

C.    The claims of the Plaintiff are typical of the claims of the Class Members;

D.    The Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

E.    Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

*See St. Louis Heart Center, Inc. v. Vein Centers for Excellence, Inc.*, No. 4:12 CV 174 CDP, 2013 WL 6498245 (E.D. Mo. Dec. 11, 2013).

3

6. The Court preliminarily finds that the settlement of this action, on the terms and conditions set forth in the Settlement Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strengths and weaknesses of the Plaintiff's case, including the defenses asserted by Defendants; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; and the risk of collecting any judgment obtained on behalf of the class. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 931 (8th Cir. 2005) (setting forth factors to determine whether settlement is fair, reasonable, and adequate).

7. **ADMINISTRATION** – A third party class administrator acceptable to the parties will administer the settlement and notification to Class Members. The class administrator will be responsible for mailing the approved class action notice and settlement checks to the Class Members who can be identified through reasonable efforts. All costs of administration will be paid out of the Settlement Fund. Upon the recommendation of the parties, the Court hereby appoints the following class administrator: KCC Class Action Services, LLC, P.O. Box 6191, Novato, CA 94948.

8. **WRITTEN NOTICE** – The Court approves the form and substance of the postcard notice and Question & Answer Notice, attached to the Settlement Agreement as Exhibits A and B. The proposed form and method for notifying the Class Members of the settlement and its terms and conditions meet the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all persons and entities entitled to the notice. The Court finds that the proposed notice is clearly designed to advise the Class Members of their rights. In accordance

4

with the Settlement Agreement, the class administrator will cause the postcard notice to be mailed to the Class Members as expeditiously as possible, but in no event later than 30 days after the Court's entry of this order, *i.e.*, **no later than August 12, 2015**. The class administrator will confirm, and if necessary, update the addresses for the Class Members through standard methodology that the class administrator uses to update addresses. In addition, the Question & Answer Notice, and relevant pleadings, will be made available to Class Members through a dedicated web site.

9.     **EXCLUSIONS** – Any Class Member who desires to be excluded from the class must send a written request for exclusion to the class administrator with a postmark date no later than 107 days after the Court's entry of this order, i.e., **no later than October 29, 2015**. To be effective, the written request for exclusion must state the Class Member's full name, address, telephone number, and email address (if available), along with a statement that the Class Member wishes to be excluded. Any Class Member who submits a valid and timely request for exclusion shall not be bound by the terms of the Settlement Agreement.

10.     **OBJECTIONS** – Any Class Member who intends to object to the fairness of this settlement must file a written objection with the Court within 107 days after the Court's entry of this order, *i.e.*, **no later than October 29, 2015**. Further, any such Class Member must, within the same time period, provide a copy of the written objection to Class Counsel, Attention: Prater v. Medicredit, Inc. Settlement, Greenwald Davidson Radbil PLLC, 5550 Glades Road, Suite 500, Boca Raton, FL 33431; Counsel for Defendants, Attention: Prater v. Medicredit, Inc. Settlement, Lathrop & Gage LLP, 7701 Forsyth Blvd., Suite 500, Clayton, MO 63105; and Counsel for Intervenor, Attention: Mark S. Mester, Latham & Watkins LLP, 330 North Wabash Avenue, Suite 2800, Chicago, Illinois 60611.

11. To be effective, a notice of intent to object to the proposed settlement must:

A. Contain a heading which includes the name of the case and case number;

B. Provide the name, address, telephone number and signature of the Class Member filing the objection;

C. Provide evidence demonstrating that the Class Member is indeed a member of the Class;

D. Be filed with the Clerk of the Court no later than 100 days after the Court preliminarily approves the settlement;

E. Be sent to Class Counsel, Defendants and Intervenor at the addresses designated in the Notice by first-class mail, postmarked no later than 100 days after the Court preliminarily approves the settlement;

F. Contain the name, address, bar number and telephone number of the objecting Class Member's counsel, if represented by an attorney. If the Class Member is represented by an attorney, he/she must comply with all applicable laws and rules for filing pleadings and documents in the U.S. District Court for the Eastern District of Missouri.

G. Contain a detailed statement of the specific legal and factual basis for each and every objection; and

H. Contain a list of any legal authority the objector will present at the settlement approval hearing.

12. Any Class Member who has timely filed an objection must appear at the settlement approval hearing, in person or by counsel, and be heard to the extent allowed by the Court, applying applicable law, in opposition to the fairness, reasonableness and adequacy of the

6

proposed settlement, and on the application for an award of attorneys' fees and costs. The right to object to the proposed settlement must be exercised individually by an individual Class Member, not as a member of a group or subclass and, except in the case of a deceased, minor, or incapacitated Class Member, not by the act of another person acting or purporting to act in a representative capacity.

13. The Court orders that any member of the Settlement Class who does not submit a timely, written request for exclusion from the Settlement Class (*i.e.*, becomes an Opt Out) will be bound by all proceedings, orders and judgments in this litigation, even if such member of the Settlement Class has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Release.

14. **SETTLEMENT PAYMENTS** – The class administrator will mail a settlement check to each Class Member who submits a timely claim form and does not exclude himself or herself from the class. The settlement checks to the class members shall be sent via U.S. mail no later than 60 days after the judgment in this case becomes final.

15. **CLASS REPRESENTATIVE AWARD TO JOHN PRATER** – John Prater will petition the Court to receive the sum of $20,000 as acknowledgement of his role in prosecuting this case on behalf of the Class Members.

16. **INJUNCTION** – Pending determination of whether final approval of the Settlement Agreement should be granted, the Court enjoins Plaintiff and all members of the Settlement Class unless and until they have timely excluded themselves from (a) filing, commencing, prosecuting, intervening in or participating as a plaintiff, claimant or class member in any other lawsuit, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action and/or the facts and circumstances giving rise to

7

the Litigation and/or the Released Claims, (b) filing, commencing or prosecuting a lawsuit, arbitration or other proceeding as a class action on behalf of any members of the Settlement Class who have not timely excluded themselves (including by seeking to amend a pending Complaint to include class allegations or seeking class certification in a pending action), based on, relating to or arising out of the claims and causes of action and/or the facts and circumstances giving rise to the Litigation and/or the Released Claims and (c) attempting to effect Opt Outs of a class of individuals in any lawsuit or arbitration proceeding based on, relating to or arising out of the claims and causes of action and/or the facts and circumstances giving rise to the Litigation and/or the Released Claims, except that Settlement Class Members are not precluded from participating in any investigation or suit initiated by a state or federal agency.

17.     **FINAL APPROVAL** – The Court will conduct a hearing (hereinafter referred to as the "final approval hearing") on **December 7, 2015** at United States District Court for the Eastern District of Missouri, Thomas F. Eagleton U.S. Courthouse, 111 South 10th Street, St. Louis, MO 63102, to review and rule upon the following issues:

A.     Whether this action satisfies the applicable requirements for class action treatment for settlement purposes under Fed. R. Civ. P. 23;

B.     Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court;

C.     Whether the final order and judgment, as provided under the Settlement Agreement, should be entered, dismissing this action with prejudice and releasing the Released Claims against the Released Parties; and

D.     To discuss and review other issues as the Court deems appropriate.

18.     Attendance at the Final Approval Hearing is not necessary.  Class Members need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement.  Class Members wishing to be heard are, however, required to appear at the final approval hearing.  The final approval hearing may be postponed, adjourned, transferred, or continued without further notice to the Class Members.

19.     Submissions by the Parties, including memoranda in support of the proposed settlement, responses to any objections, petitions for attorney's fees and reimbursement of costs and expenses by Class Counsel, shall be filed with the Court no later than 21 days prior to the final approval hearing, *i.e.*, **no later than November 16, 2015**.

20.     The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Settlement Agreement.

21.     The Court sets the following schedule:

| Date | Event |
|------|-------|
| July 13, 2015 | Preliminary Approval Order Entered |
| August 19, 2015 | Notice Sent |
| October 28, 2015 | Deadline to Send Exclusion or File Objection |
| November 16, 2015 | Motion for Final Approval and Attorney Fees Papers Filed |
| December 7, 2015 | Final Approval Hearing Held |

IT IS SO ORDERED.

Dated: July 13 , 2015.

The Honorable E. Richard Webber
Senior United States District Court Judge

9