UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN PRATER, on behalf of himself and others similarly situated, | ) ) ) |
| Plaintiff(s), | ) ) |
| v. | ) No. 4:14CV00159 ERW ) |
| MEDICREDIT, INC., et al., | ) ) |
| Defendant(s) | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Sean Kreger's Motion for Enlargement of Time Within Which to Opt Out of the Settlement Class and Pursue Individual Claims with Incorporated Memorandum of Law [ECF No. 94].

**I.  BACKGROUND**

On January 28, 2014, Plaintiff John Prater filed a class action complaint, pursuant to Federal Rule of Civil Procedure ("FRCP") 23(a) and (b), for alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*. The Complaint names Medicredit, Incorporated ("Medicredit"), and The Outsource Group, Incorporated as defendants, alleging they violated the TCPA by placing non-emergency telephone calls to cellular telephones of consumers using an automatic dialing system and/or artificial or prerecorded voice, without the prior consent of consumers. On July 1, 2015, the parties jointly filed a Motion for Preliminary Approval of Class Action Settlement, which was granted by the Court on July 13, 2015. Notice of the class action settlement was sent to known and probable class members through direct mail, published in People magazine, and available on the dedicated settlement website. On December

1

7, 2015, a final class action settlement hearing was held and the Court entered final order and judgment approving the settlement.

On September 28, 2016, Sean Kreger ("Kreger") filed the pending Motion, seeking enlargement of the time within which to opt out of the settlement to pursue individual claims. In May 2016, Kreger filed a lawsuit against Medicredit in Pinellas County, Florida, which was removed by Medicredit to the United States District Court, Middle District of Florida ("Florida case"). In the Florida case, on July 19, 2016, Medicredit filed a motion to dismiss Kreger's case on the basis of res judicata due to the settlement in this matter. The Florida Court granted Medicredit's motion and dismissed the case. The Florida Court denied Kreger's request to stay the matter pending Kreger's filing of the pending motion before this Court. Consequently, Kreger asked the Florida Court to reconsider its dismissal order and clarify the dismissal was without prejudice. This motion was denied.

## II. ANALYSIS

Kreger asserts he should be permitted to opt out of the class after the deadline, because he can establish excusable neglect. Kreger claims he did not receive actual notice of the settlement; there is no prejudice to Defendants because the settlement will remain valid; the delayed request does not impact the proceedings; and he was acting in good faith. In response, Defendants argue Kreger has no individual claims to pursue, because his claims in Florida have been dismissed, with prejudice. Further, Defendants contend Kreger has not established excusable neglect, because the delay will cause prejudice through significant legal fees and costs, the delay was excessive and wasted judicial resources, and Kreger did not act in good faith.

A Court may extend the time in which a class member may opt out of a class if it finds the class member failed to opt out in a timely manner due to excusable neglect. *In re Gen. Am.*

*Life Ins. Co. Sales Practices Litig.*, 268 F.3d 627, 633 (8th Cir. 2001), *vacated on other grounds by Henderson v. Gen. Am. Life Ins. Co.*, 536 U.S. 919 (2002). The United States Supreme Court has set forth four factors to consider for excusable neglect: (1) danger of prejudice to the opposing party; (2) length of the delay and the impact on judicial proceedings; (3) the reason for the delay and if within the reasonable control of the moving party; and (4) whether movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Excusable neglect takes into account all relevant circumstances. *Id.*

Kreger is unable to establish excusable neglect. First, allowing Kreger to opt out of the class will cause significant prejudice to Medicredit. It will be forced to defend an additional case and incur litigation costs which it thought it was avoiding by entering the settlement agreement. Further, the financial certainty sought by entering a settlement agreement will be undermined. *See In re Imprelis Herbicide Mktg., Sales Practices & Prods. Liab. Litig.*, MDL No. 2884, 2014 WL 348593 at *3 (E.D. Pa. Jan. 31, 2014) (finding defendant will suffer prejudice in having to defendant an additional case which it thought would be included in the settlement class); *Bowman v. UBS Fin. Servs., Inc.*, No. C-04-3525 MMC, 2007 WL 1456037 at *3 (N.D. Cal. May 17, 2007) (same); *In re Terazosin Hydrochloride Antitrust Litig.*, No. 99MDL1317SEITZKLEIN, 2005 WL 2451957 at *2-3 (S.D. Fla. Jul. 8, 2005) (same); *see also Georgine v. Amchem Prods., Inc.*, No. CIV. A. 93-0215, 1994 WL 637404 at *9 (E.D. Pa. Nov. 10, 1994) (finding defendants were prejudiced because financial certainty of the settlement would be undermined).

Second, there was a significant delay in filing the motion after notice of the class action was sent and a settlement was entered. However, there is little impact on judicial proceedings,

because one additional class member opting out of the class will not cause the matter to be reopened or the settlement agreement to be invalid.

The third factor is the movant's reason for the delay. Kreger claims he did not receive actual notice of the settlement and once he did learn of the settlement, he sought leave to opt out. Actual notice is not required for class action settlements and a lack of actual notice, without more, does not warrant a finding of excusable neglect. *In re Adelphia Commc'ns Corp.*, 271 Fed. App'x 41, 44 (2d Cir. 2008); *see also In re Cathode Ray Tube Antitrust Litig.*, MDL No. 1917, 2014 WL 4181732 (N.D. Cal. Aug. 20, 2014); *Russel v. United States*, No. C 09-03239 WHA, 2010 WL 1691634 at *4 (N.D. Cal. Apr. 23, 2010). The Second Circuit found individually mailed notice to all known and reasonably identifiable class members, publication in newspapers, and entry on the district court's docket sheet was sufficient notice. *In re Adelphia Commc'ns Corp.*, 271 Fed. App'x at 44. Here, Defendants mailed notice to known and reasonably identifiable class members, published notice in People magazine, and created a website devoted to the settlement. Additionally, the preliminary class approval and final class settlement approval hearings were entered on the Court's docket. This is sufficient notice and Kreger's lack of actual notice does not warrant a finding of excusable neglect. Further, although Kreger states he sought leave to opt out of the settlement once he learned of it, it was several months after Medicredit filed its motion to dismiss in the Florida case, before Kreger filed his motion, and it was after the Florida Court had decided the motion to dismiss and Kreger's motion for reconsideration, and dismissed the case with prejudice. This suggests Kreger was not as diligent as his arguments contend.

The final factor is whether Kreger acted in good faith. There is no evidence before the Court to suggest Kreger was acting in anything but good faith. However, because the Court is

finding he has not established excusable neglect based on the first three factors, an extensive analysis of Kreger's actions are not necessary. Based on a review of all relevant circumstances and the four factors established by the Supreme Court, the Court finds Kreger has not established excusable neglect and it will not enlarge the time to opt out of the class.

Accordingly,

**IT IS HEREBY ORDERED** that Sean Kreger's Motion for Enlargement of Time Within Which to Opt Out of the Settlement Class and Pursue Individual Claims with Incorporated Memorandum of Law [ECF No. 94] is **DENIED**.

Dated this 8th day of December, 2016.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE